No. 21,834.

FLORENCE H. HOCKMAN, a Minor, etc., *Appellee,* v. THE SIFERS CANDY COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

DANGEROUS MACHINE—*Improperly Guarded—Personal Injuries—No Reversible Error in Record.* Assignments of error relating to the admission of evidence, requests for special findings, and the amount of the verdict, a portion of which the court required to be remitted, considered, and *held,* that error necessitating a reversal of the judgment is not disclosed.

Appeal from Reno district court; FRANK F. PRIGG, judge. Opinion filed January 11, 1919. Affirmed.

*F. L. Martin, Van M. Martin, W. F. Jones,* all of Hutchinson, and *Thad B. Landon,* of Kansas City, Mo., for the appellant.

*Carr W. Taylor, James Hettinger,* and *J. A. Hettinger,* all of Hutchinson, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one for damages for personal injury sustained because of the defendant's failure properly and safely to guard a machine as required by the factory act. The plaintiff recovered, and the defendant appeals.

The defendant operates a candy manufactory, and the plaintiff lost the index finger and a part of the thumb of her right hand while feeding candy "suckers" into the revolving rollers of a candy-pressing machine. The principal issue was whether or not it was practicable to provide the machine with a guard.

The defendant complains because certain evidence was rejected. Some of the evidence belongs to a class which it has been decided is inadmissible; some of it was too remote, in view of the positive mandate of the legislature to safeguard machines whenever practicable; and the remainder was unimportant.

The qualification of an expert witness is assailed. He was abundantly qualified. It is said the expert witness testified to the ultimate fact in issue. He not only gave the facts on which he based his opinion, but he fairly demonstrated the practicability of safeguarding the machine.

The defendant's request that the following interrogatory be submitted to the jury was denied:

"At the time of or prior to plaintiff's injury, was there a guard or upright which could have been secured by defendant and placed on said machine that would have prevented the injury, without impairing the use of the machine?"

The only material portion of the question was answered by a special finding that a guard which would have prevented the injury would not substantially diminish or impair the usefulness of the machine. That being true, it was the duty of the defendant to supply the guard.

The defendant requested findings as to whether or not guards for the rollers of candy machines are commonly provided, and are provided by manufacturers of such machines. It was not material whether or not manufacturers of such machines, and owners and operators of candy manufactories, were generally ignoring the law.

The defendant's request for findings respecting the defend-

ant's "negligence," if any, were properly denied, because the sole issue in this respect was breach of statutory duty to supply a guard, and this issue was properly submitted to the jury.

The jury returned a verdict for $2,500. The court gave the plaintiff an option to remit $1,000, or submit to a new trial. The plaintiff elected, under protest, to remit, and it is said the size of the verdict indicates passion and prejudice on the part of the jury. The district court necessarily found there was neither passion nor prejudice. It merely disagreed with the jury respecting the amount which would compensate the plaintiff for her injuries. If the verdict had been approved as returned, this court would not say that the amount of it indicated the jury acted from any improper motive.

The judgment of the district court is affirmed.