# CHARLESTON.

1873.
January
Term.

GRIFFIN VS. TOWN OF WILLIAMSTOWN.

LYDIA GRIFFIN, PLAINTIFF IN THE ACTION AND DE-
FENDANT IN ERROR *against* THE TOWN OF WIL-
LIAMSTOWN, DEFENDANT IN THE ACTION AND
PLAINTIFF IN ERROR.

Decided February 25th, 1873.

## SYLLABUS.

1. Where municipal corporations are charged with the duty of keep-
ing in good order and condition the streets and public roads and
bridges lying within their corporate limits, they are liable for in-
juries to persons or property happening by reason of their neglect
to keep the same in good order and condition.

2. They are bound to keep the streets and public roads and bridges in
a proper state of repair, free from all obstructions or defects in the
road-bed, which reasonable vigilance and care can detect and re-
move.

3. The 6th section, chapter 15, Acts 1868, (Extra Session,) confers on
the town of Williamstown jurisdiction of all the streets and public
roads lying within the same.

The case is stated in the opinion of the Court.

1873.
January
Term.

Griffin
v.
town of
Williamstown

*Hutchinson* for Plaintiff in error.

*Small* for Defendant in error.

MOORE, Judge:

The amended declaration barely escapes the effect of the demurrer, even under the liberal provision of the Statute. The 29th sec. Chap. 125, Code, declares; "On a demurrer, (unless it be to a plea in abatement,) the Court shall not regard any defect or imperfection in the declaration or pleadings, whether it has heretofore been deemed mispleading or insufficient pleading or not, unless there be omitted something so essential to the action or defence that judgment according to law and the very right of the cause cannot be given."

The action is founded on sec. 55, Chap. 43, Code : "Any person who sustains an injury to his property or person by reason of a public road or bridge being out of repair may recover all damages sustained by him by reason of such injury. * * * Provided, that if such road or bridge be in any incorporated city, town or village and under the jurisdiction of the corporate authorities thereof, then such recovery may be had against such corporation."

It is argued by the Counsel for the Appellant, "that to predicate this action, the injury must have been caused *'by reason of a public road or bridge being out of repair;'* and such road *or bridge, must be under the jurisdiction of the corporate authorities of the town.*" Accepting this key given by the Appellant, to open the door of the way leading to a solution of the question, as to what should be a sufficient allegation of the matter of complaint to lead to a "judgment according to law and the very right of the cause," and which criterion, I think, is based on law, I am lead to believe this declaration is

38

1873.
January
Term.

Griffin
v.
town of
Williamstown

sufficient. She alleges, after averring the incorporation of the town, that in said corporation "there is a certain street, called ———— street, which said street is and continually hath been a public highway for all the citizens of the State to go, pass over, and ride in and by and through the said street at their will and pleasure;" certainly that is a sufficient allegation of *"a public road"* in the corporate limits. She further avers, that the "said town of Williamstown, not ignorant of the premises, on the 1st day of August A. D. 1869, * * * did not keep in repair said street and highway, and the bridges, but on the contrary did unlawfully, injuriously, and negligently suffer the said street and highway, and the bridges on the same, to be and remain in such bad repair and dangerous condition, and did not take care to keep the bridges on said street and highway safe, sound and of good material for the safe passage over the same, &c." That, I apprehend, is a sufficient averment that it was *"out of repair,"* &c.; and it is equally plain, from other averments, that she sustained injury in consequence thereof. Those averments are sufficiently specific, and of that certainty required in pleading leading to an issue, upon which judgment can be given "according to law and the very right of the cause."

The demurrer was properly overruled. Upon the merits of the case : If the *probata* sustain the *allegata*, then the Plaintiff ought to recover by the right given by the statute, Code Chap. 43 sec. 55, from the corporation damages for the injury ; and upon the principles laid down upon the many authorities cited by Judge Hogeboom in Wendell *vs.* Mayor &c. of Troy, 39 Barbour 335, affirmed in 4 Keyes, 261 ; that "Where municical corporations or individuals are charged, as in the case of streets or highways, with the duty of keeping them in repair, and exercising a general oversight in regard to their condition and safety, they or the body they represent are liable for all injuries happening by reason

1873.
January
Term.

Griffin
v.
town of
Williamstown

of their negligence," and that, "They are bound to keep the streets and highways in a proper state of repair and free from all obstructions or defects · in the roadbed which" (reasonable,) "vigilance and care can detect and remove ; and this whether or not the work or repairs are being done by a contractor under them, the negligence of whose servants causes the injury complained of." The 6th sec. of Chap. 15, Acts, Extra Session, 1868, makes it the duty of this town to cause all the streets and public roads lying within the same to be kept in good order and condition.

In this case, although the court might not have given such a verdict upon the evidence, had it been acting as a jury, yet, "as by the demurrer to the evidence, the demurrant has admitted all that could be reasonably inferred by a jury from the evidence given by the other party and waived all the evidence on its part which contradicts that offered by the other party, or tends to establish a case inconsistent with the case proved by the evidence of the other party, the evidence of Plaintiff in this case, taken by itself, and as unimpeached and unaffected by contradictory evidence," justifies the verdict. (Tutt *vs.* Slaughter's Adm's 5 Gratt 364.)

I am of opinion that the judgment should be affirmed with costs and damages.

HAYMOND, President, and PAULL and HOFFMAN Judges, concur in the foregoing opinion.