STATE

*vs.*

ERNEST L. SMALL.

Cumberland.   Opinion May 18, 1927.

*A municipal by-law requiring the removal of the snow from sidewalks within a limited time after it ceases to fall is an exercise of the police powers, and, if not clearly unreasonable in its requirements, violates no provision of the constitution.*

*The burden is on the objecting party to overcome the presumption of the reasonableness of a municipal by-law, and if it does not appear on its face, evidence must be produced to show that it is clearly unreasonable in its operation.*

No evidence being furnished in the case at bar as to actual conditions, the only question is whether in a city the size of Portland, a by-law requiring the removal of snow from sidewalks in the daytime within three hours after it ceases to fall is clearly unreasonable.

The time limit for removal in the by-laws of this nature is a matter resting in the sound judgment of the municipal legislative body, and the Courts will not interfere, unless the limit on its face or from evidence of the local conditions is clearly unreasonable.

On report.  A complaint against respondent alleging failure to comply with the requirements of an ordinance passed by the City of Portland relative to the removal of snow from footways and sidewalks.  Respondent was found guilty in the Municipal Court of Portland and appealed to the Superior Court, and the cause was reported to the Law Court on an agreed statement of facts.  Judgment for the State.

The case fully appears in the opinion.

*H. C. Wilbur,* for the State.

*Leo Gardner Shesong,* for respondent.

SITTING: WILSON, C. J., PHILBROOK, DUNN, STURGIS, BASSETT, JJ., MORRILL, A.R.J.

WILSON, C. J.  A complaint under an ordinance of the city of Portland requiring owners, tenants, or occupants of property abutting on streets where there are footways or sidewalks to remove the snow from the sidewalk in front of their premises within a limited time after it ceases to fall.  The ordinance reads as follows:

"Sec. 1.  The owner, tenant, occupant or any person having the care of any building or lot of land bordering on any street, lane, court, square or public place within the city where there is any footway or sidewalk shall after the ceasing to fall of any snow, if in the daytime, within three hours, and, if in the night-time before ten o'clock of the forenoon succeeding, cause such snow to be removed from such footway or sidewalk."

For failure to comply, a penalty is provided of a fine of not less than two nor more than ten dollars, and an additional sum of not less than one not more than ten dollars for every hour the snow shall be permitted to remain on such footway or sidewalk beyond the limit fixed for its removal.

The respondent pleaded not guilty and the case was reported to this court on an agreed statement with a stipulation in substance, that if the ordinance is within the police powers vested in the city of Portland and is reasonable, valid, and a constitutional exercise thereof, judgment is to be entered for the state.

While there is a conflict among the authorities as to whether such municipal by-laws are valid, the weight of authority sustains them as a proper exercise of the police powers.  *In Re Goddard*, 16 Pick., 504; *Clinton* v. *Welch*, 166 Mass., 133; *Carthage* v. *Frederick* 122 N. Y., 268; *Kenyon* v. *Fidler*, 28 R. I., 164; *City of Helena* v. *Kent*, 32 Mont., 279; *City of Lincoln* v. *Janesch* 63 Neb., 707; *Flynn* v. *Canton Co.*, 40 Md., 312; *Reinken* v. *Fuehring*, 130 Ind., 382; *State* v. *McMahon*, 76 Conn., 97; *No. Pac. Ry.* v. *Adams Co.*, 78 Wash., 53; 51 L. R. A. (N. S.) 276 Note; Dillon Mun. Corp. vol., 2, sec. 713.

It is true that such burdens have some attributes in common with taxes for the general repair of streets, and the cases holding such by-laws invalid to be decided on the ground that the burdens thus imposed are not equally apportioned, *State* v. *Jackman* 69 N. H., 319:

*McGuire* v. *Dis. of Col.,* 24 App. Cases D. C. 22; *Gridley* v. *Bloomington,* 88 Ill., 554.

The more generally accepted rule, however, treats such municipal by-laws as police regulations. *In re Goddard supra,* and cases above cited. Even if viewed as a form of taxation, it must be of the nature of local assessments, which by eminent authorities are also held to be an exercise of the police powers, *Reinken* v. *Fuehring supra,* p. 384; Cooley on Taxation 2nd Ed. pp. 588, 647; Cooley's Cons. Law 6 Ed., p. 726; Tiedman Mun. Corp., sec. 259 p. 500; or at least are not governed by the same constitutional limitations as taxes for general purposes, Ill. *Cen. R. R. Co.* v. *Decatur,* 147 U. S., 190; 29 C. J., 742 note 43.

The only question, therefore, for the consideration of the Court under the agreed statement is whether the by-law in question is a reasonable exercise of such powers. While a different rule prevails as to legislative acts, *State* v. *Phillips,* 107 Me., 249, the power of the Court to declare a municipal by-law, enacted under general authority, invalid, if unreasonable, is unquestioned, *Welch* v. *Swasey,* 193 Mass., 365, 376; *St. Louis* v. *Theatre Co.,* 202 Mo., 690, 699; 6. R. C. L., 244. "It is a power, however, to be cautiously exercised", *Com.* v. *Robertson,* 5 Cush., 438. When doubt exists, it should be resolved in favor of the validity of the by-law. *In re* McCoy, 10 Cal. App. 116.

As a general rule, there is a presumption in favor of the reasonableness of a municipal by-law, and the burden is on the objecting party to overcome this presumption. If it does not appear on its face, the objecting party must produce evidence to show that it is in fact unreasonable in its operation, 19 R. C. L., 808; *Laurel Hill Cem.* v. *San Fran.* 216 U. S., 358; *Greensboro* v. *Ehrenreich* 80 Ala., 579; *State* v. *Trenton,* 53 N. J. L. 132; *Iowa City* v. *Glassman,* 155 Ia., 671; *Chicago, etc. R. R. Co.* v. *Carlinville,* 200 Ill., 314; *City of Chicago* v. *Shaw Livery Co.,* 258 Ill., 409; *Ex rel Knoblauch* v. *Warden,* 216 N. Y., 154, 162. Ann. Cases, 1916 B 502 note.

The agreed statement in the case at bar contains nothing but the by-law itself bearing on this point. It, therefore, becomes a question of whether upon its face it is unreasonable. The chief ground relied upon by the respondent is the shortness of time allowed for the removal of snow when it ceases to fall in the daytime. Three

hours for such removal may work a hardship under some conditions, as in case of laborers or clerks living in suburban districts and whose hours and place of employment take them some distance from home during the daytime, while ordinarily in the compact of a city it would not be unreasonable.

The time limit for removal in by-laws of this nature, however, is a matter resting in the sound judgment of the legislative body of the municipality. The Court will not interfere simply because in its judgment a longer time should be allowed, unless the time fixed is so short that, on its face, or upon facts shown in evidence, it appears to be clearly unreasonable. As between three hours and four hours or even five hours, which have been held reasonable limits, *Kenyon* v. *Fidler supra, Clinton* v. *Welch supra,* we can not say, as a question of law, that the line between reasonableness and unreasonableness has been passed.

It might be even a greater hardship to require non-resident owners of undeveloped property in the suburban districts of a city, abutting on footways or sidewalks, or owners residing in other parts of a city from such undeveloped property to remove the snow from the sidewalk in front of such premises within the time fixed; or in case non-resident owners failed, to require adjoining resident owners in sparsely settled districts to comply at all.

A by-law, general in its scope, may be reasonable when applied to one state of facts and unreasonable when applied to circumstances of a different character, *Nicoulin* v. *Lowery*, 49 N. J. L., 391, 394; *Penn. R. R. Co.*, v. *Jersey City*, 47 N. J. L., 286.

This Court, however, can not take judicial cognizance of the condition of the streets of a city, or the extent to which abutting land is developed in any section, or the public necessities at any given place on a given street, *St. Louis* v. *Theatre Co. supra.*

Under certain conditions in a city of the size of Portland, such a by-law as the one here involved may be a reasonable regulation. It can not be said without evidence of conditions that, by reason of its general application, it, of necessity, works unreasonable hardships and is, therefore, invalid.

Under the stipulations of the parties, judgment must be entered for the state.

*Judgment for the State.*