# CHARLESTON.

WILLIAM H. TARR *v.* KELLER LUMBER AND CONSTRUCTION COMPANY

(No. 6227)

Submitted September 11, 1928. Decided September 25, 1928.

100

*A. L. Hooton* and *J. Howard Holt,* for plaintiff in error. *Lloyd Arnold* and *D. B. Evans,* for defendant in error.

HATCHER, JUDGE:

This is a case in which a verdict was recovered by plaintiff as damages for personal injuries.

The defendant is a manufacturer of lumber. A power driven circular saw, eleven inches in diameter, was a part of its equipment. The saw was mounted on a table twenty-eight by thirty-six inches, located about the center of the shop, and was not enclosed, fenced or otherwise guarded. The plaintiff was an employee. While he was attempting to keep out of the saw a small strip of lumber which was being ripped from a plank, several of his fingers were severed by the saw. His right of action is based on a violation of section 59 of chapter 15H, Code, which is in part as follows: "All power driven machinery, including all saws * * * shall be so located, whenever possible, as not to be dangerous to employees, or where possible be properly enclosed, fenced or otherwise protected."

The defendant filed a specification of its defenses, which were: (1) That the operation of the saw was not a part of plaintiff's duties, and that he had been warned not to operate it; (2) that it was not reasonably possible to enclose or guard the saw; (3) that it was not necessary to do so; (4) that the saw was not dangerous if properly used; (5) that the injury was due to plaintiff's own carelessness and disobedience, and through no fault of defendant. The plaintiff offered evidence opposing the charges of defendant. The verdict of the jury resolved the controverted matters of facts in his favor. The defendant complains, however, that the court refused to permit it to develop the legal defenses which it presented. A discussion of the law applicable to the case is therefore pertinent.

It is common knowledge that an unguarded power driven saw is inherently dangerous to employees when it is located in an exposed position. The probability of casualties under such conditions is so great that "specific precautionary requirements" were deemed imperative by the legislature. The purpose of the foregoing enactment appears in its title: "An Act making provision for the prevention of accidents", etc. Its passage implies that the requirements of the common law are not adequate for the protection of employees who operate or work near power driven machinery. It created a new standard. The master's duty in this respect is no longer to be measured merely by reasonable care or common usage, as at common law, but by the mandate of the legislature. That edict leaves nothing to his discretion. His duty to isolate or guard a power driven saw (if possible to do so) is now positive, or as some authorities say, *imperative* and *absolute*. *Streeter* v. *Scraper Co.*, 254 Ill. 244, 256; *U. S. Cement Co.* v. *Cooper*, 172 Ind. 599; *Caspar* v. *Lewin*, 82 Kan. 604; *Simpson* v. *Iron Works Co.*, 240 Mo. 376; Labatt, Master & Servant, 2nd ed., section 1856, p. 5662; Annotation, 36 A. L. R., section 4, p. 1485.

The statute, being remedial, should not be construed "grudgingly." *American Ice Co.* v. *Porrecca*, 213 Fed. 185. We, therefore, hold that it was designed to prevent accidents which are the result of inadvertence as well as those which

102

are unavoidable. *Evansville Co.* v. *Bailey*, 43 Ind. App. 135, 159; *Kirchoff* v. *Supply Co.*, 148 Iowa 508; *McCleary* v. *Knight*, 73 W. Va. 385. A guard is *possible* under the statute which does not "unreasonably interfere with the efficiency of the machine." *Miller* v. *Sash & Door Co.*, 153 Iowa 735. It has been held that while such a statute does not exact the exercise of inventive genius to design a guard, it does require of the master ordinary diligence to acquire or fashion a reasonably suitable one. *Camenzind* v. *Furniture Co.*, 89 Ore. 158; *Barclay* v. *Lumber Co.*, 38 Wash. 241, 245-6. Evidence that guards are used in connection with similar saws is therefore admissible. Labatt, *supra*, p. 5662; *Kerr* v. *Mfg. Co.*, 155 Mich. 191.

The courts do not regard the violation of such statutes uniformly. We are committed to the view that a statutory disregard constitutes "actionable negligence" or "prima facie negligence" when it is the natural and proximate cause of the injury. *Norman* v. *Coal Co.*, 68 W. Va. 718; *Mangus* v. *Coal Co.*, 87 W. Va. 718; *Bobbs* v. *Press Co.*, 89 W. Va. 206. It is immaterial that no prior injury has been occasioned by the unguarded machinery, and it is not necessary for the plaintiff to show that the precise way in which the injury occurred should have been reasonably anticipated by the defendant. *Christianson* v. *Board Co.*, 83 Minn. 25; *Hill* v. *Windsor*, 118 Mass. 251; 25 Harvard Law Review, 245; 21 A. & E. Ency. Law, 487. "If the very injury has happened which was intended to be prevented by the statute law, that injury must be considered as directly caused by the nonobservance of the law." *Norman* v. *Coal Co., supra*, 409, 20 R. C. L. p. 43, section 37. This rule has even been held to apply when the absence of a guard is merely a "contributing cause" of the injury. *Caspar* v. *Lewin, supra*, p. 625. A prima facie case is therefore made by evidence showing that the plaintiff was an employee in a plant using a power driven saw; that he was injured by the saw while in the discharge of his duties; that it was located in an exposed position and was not guarded; that it was possible to guard the saw without materially interfering with its practicable operation, and that the accident was one intended to be prevented by the statute.

As the defendant was not a subscriber to the workmen's compensation fund, it cannot avail itself of the plaintiff's contributory negligence. Section 26, chapter 15P, Code. Evidence that the plaintiff could control both the machine and the plank he was sawing, and that he could have used a forked stick to keep the strip out of the saw is therefore of no value to defendant. It is no defense to show, as the defendant offered, that if a sawyer puts his hand as close to the saw as the plaintiff did, it is not possible to so guard the saw as to prevent injury. The very purpose of the guard is to prevent the sawyer from placing his hand in a position of such danger. It was also proper to reject defendant's offer to prove that the accident *might* have occurred even with a suitable guard. It may be shown that compliance with a statutory requirement would not have prevented the injury. Sherman & Redfield, on Negligence, 6th ed., section 27, p. 51; *Kimmerlee* v. *Mfg. Co.*, 154 Iowa, 142, 148-9. But mere fanciful supposition has no evidential substance. Watson, Personal Injuries, section 61, p. 60. The approval by a state factory inspector of the manner in which the saw was operated does not justify the defendant in transgressing the statute. *Booth* v. *Stokes*, 241 Pa. 349. Neither is it excused by showing that similar saws in other establishments are not guarded. Labatt, *supra*, p. 5663; *Hockman* v. *Sipers Co.*, 104 Kan. 94, 95; *Barclay* v. *Lumber Co.*, *supra*; *Wagner* v. *Construction Co.*, (Miss.) 220 S. W. 890. "The legislative mandate is that machinery * * * shall be properly guarded and customary disregard of this is but customary negligence." *Jones* v. *Caramel Co.*, 225 Pa. 644, 650. See generally *Callopy* v. *Atwood*, 105 Minn. 80, 117 N. W. 238, 18 L. R. A. N. S. 583, a leading case.

The defendant places special emphasis on its objection to the action of the court in permitting a guarded saw to be demonstrated to the jury. A witness for plaintiff testified that a local coal company had a power driven saw, fourteen inches in diameter, mounted and controlled in manner similar to the defendant's saw; that an effective and satisfactory guard had been used on that saw for about ten years; and that the guard was obtainable on the market. Upon the rep-

104

resentation of plaintiff's counsel to the court that the guard and saw weighed five hundred pounds and would be unhandy to bring into the courtroom, and on plaintiff's motion the court took the jury to the shop of the coal company where the machine was operated in their presence. The only apparent difference between the saw of the coal company and that of defendant is the three inches in diameter. That difference is so small as to seem immaterial on the present issue. We are cited no authority in support of the defendant's objection. Demonstrations in the presence of the jury are not favored when complicated or of such a character as to permit imposition on the jury through skilful manipulation; but if free from those objections, may be permitted. Thompson on Trials, 2nd ed., Vol. 1, section 620. "A machine may be operated in the presence of the jury, as bearing upon the issue whether it is suitable to the use intended." Jones Evidence, Civil Cases, 3rd ed., section 403. This procedure, whether in or out of the courtroom is within the discretion of the court, subject of course to review. *Smith* v. *Ry. Co.*, 32 Minn. 1, 7. In *Leonard* v. *S. P. Co.*, reported in 15 L. R. A. 221 (226) the Supreme Court of Oregon held that when a demonstration has been permitted outside the courtroom under conditions similar to those existing in the case on trial, and no prejudice is shown, the discretion of the court ought not to be interfered with. In *Stockwell* v. *Ry. Co.*, 43 Iowa 470, 474, a practical demonstration of machinery to the jury outside the courtroom was upheld upon the ground that it placed the jury in a position where it could satisfy itself on a question of fact. The same reason applies here. The practicability of the guard was in issue. The demonstration enabled the jury to determine that issue on first hand information and not on the mere opinions or theories of witnesses. As was said by the federal court, in discussing the fitness of a machine to do certain work, "the best proof was the actual demonstration, which was made before the jury." *Taylor* v. *U. S.* 89 Fed. 954, 957. See also *National Cash Reg. Co.* v. *Blumenthal,* 85 Mich. 464, 48 N. W. 622. Ordinarily, demonstrations should be conducted in the courtroom. It was not practicable to do so in this case. But the court, counsel and

seemingly the stenographer accompanied the jury to the shop of the coal company—thus preserving, as far as possible, "the atmosphere" of the courtroom. No personal misconduct is charged to anyone in this connection. We are therefore of opinion that it was proper to permit the demonstration.

Lack of time forbid separate comment on each of defendant's bills of exception—fifty-nine in all. In the several legal principles herein stated, however, may be found an answer to each charge of error.

As we find no error prejudicial to defendant and affirm the case, it is not necessary to take up the plaintiff's motion to dismiss the writ of error herein.

*Affirmed.*