JOE T. RICH

*v.*

REUBEN ROSENSHINE, *et al.*

(CC 726)

Submitted September 3, 1947. Decided November 25, 1947.

*Herschel Rose,* for plaintiff. ·

*C. Brooks Deveny, M. E. Morgan, James F. Burns* and *L. E. Johnson,* for defendants.

HAYMOND, JUDGE:

This action of trespass on the case was instituted in the Circuit Court of Marion County by the plaintiff, Joe T. Rich, to recover damages for personal injuries sustained by him when he slipped and fell on a snow covered concrete public sidewalk adjacent to a paved street in the City of Fairmont on December 22, 1945. The defendants are Reuben Rosenshine who, at the time, occupied, as a tenant of the owners, one of two storerooms on the first or street floor of a three story brick apartment building abutting on the sidewalk, and Lawrence F. McCray, Thomas P. McCray, Richard E. McCray, French McCray, Willa McCray Fletcher, Frank C. McCray, Alfred R. Putnam, Trustee, Thomas P. McCray, Trustee, Charles Simon McCray, George McCray, Howard Clark McCray, C. Vernon McCray and Annie McCray, herein referred to as the McCrays, who jointly own the building, and the City of Fairmont, a municipal corporation, within the business section of which the sidewalk is located.

The amended declaration of the plaintiff contains two lengthy counts.

The facts alleged in the first count, to the extent here necessary to relate them, in substance are: A heavy fall of snow during the night of December 19, 1945, and the early morning of December 20, 1945, covered and formed ice upon the public sidewalk of the city along a paved street and in front of the apartment building, rendered the sidewalk dangerous, obstructed it and caused it to be out of repair. At the time, one of the two storerooms on the first floor of the building was occupied by the defendant Rosenshine as a tenant of the defendants, the McCrays and the trustees, the owners of the building who, having reserved to themselves control of the sidewalk for the benefit of other tenants to enable them to have access to and from the building, rented its remaining portions to other persons not made defendants to the action. The defendant, the City of Fairmont, by its charter, was required to keep the sidewalk in repair and free from ob-

struction, and the defendants, the tenant and the owners, by valid municipal ordinance then in force and effect, were required to remove and clear snow and ice from the sidewalk within a specified time after snow fell and ice formed upon it. The tenant and the owners failed to comply with the provisions of the ordinance and the city failed to remove the obstruction caused by snow and ice from the sidewalk and to keep it in proper repair. The plaintiff, without fault upon his part and while rightfully walking upon the sidewalk, on December 22, 1945, as the result of the failure of the several defendants to perform the foregoing duties imposed upon them, slipped and fell and sustained serious and permanent injuries to his person.

The second count, averring substantially the same facts, charges liability against all the defendants because of alleged negligence in their failure to discharge the duties imposed upon them by the ordinance. Unlike the first count, it does not charge liability against the defendant, the City of Fairmont, by reason of its breach of any duty imposed upon it by statute.

To the amended declaration and each of its counts the tenant, the owners and the city filed their several written demurrers. Numerous grounds were assigned in support of each demurrer. The Circuit Court overruled the demurrers and, on its own motion, certified its rulings to this Court.

The various assignments in support of the demurrers in substance present for decision these certified questions: (1) Whether the defendant, the City of Fairmont, is liable to the plaintiff, by virtue of the statute, for failure to keep the sidewalk in repair as required by its charter, and by reason of its failure to comply with the provisions of the ordinance, under the allegations of the amended declaration; (2) whether the defendant, Rosenshine, the occupant of the storeroom on the first floor of the building, as a tenant of the owners, is liable to the plaintiff, because of his failure to comply with the provisions of the ordinance, under the allegations of the amended declaration;

and (3) whether the defendants, the McCrays, as the owners of the building, are liable to the plaintiff, by virtue of the ordinance, because of their failure to remove, or cause to be removed, snow and ice from the sidewalk, under the allegations of the amended declaration.

As to the defendant, the City of Fairmont, the amended declaration in the first count charges that the presence of snow and ice on the sidewalk in front of the building caused it, at that place, to be obstructed and out of repair, and that its charter required the city to keep it in repair.

Situations presenting the question whether a public street or a public sidewalk is out of repair, within the meaning of the statute, which, in substantially its present form, has been the law of this State for many years, and which appears as Section 33, Article 9, Chapter 17, Code, 1931, as amended, have been before this Court in numerous cases. Some of these cases are: *Toler* v. *City of Charleston,* 115 W. Va. 191, 174 S. E. 891; *Carder* v. *City of Clarksburg,* 100 W. Va. 605, 130 S. E. 349; *Johnson* v. *City of Huntington,* 82 W. Va. 458, 95 S. E. 1044; *Boyland* v. *City of Parkersburg,* 78 W. Va. 749, 90 S. E. 347; *Parrish* v. *City of Huntington,* 57 W. Va. 286, 50 S. E. 416; *Foley* v. *City of Huntington,* 51 W. Va. 396, 41 S. E. 113; *Chapman* v. *Milton,* 31 W. Va. 384, 7 S. E. 22; *Curry* v. *Town of Mannington,* 23 W. Va. 14; *Sheff* v. *The City of Huntington,* 16 W. Va. 307; *Griffin* v. *Town of Williamstown,* 6 W. Va. 312. When a cause of action which gives rise to liability under the statute exists, the statute imposes upon municipalities whose charters require them to keep their streets, sidewalks and alleys in repair, an absolute duty and makes them liable in damages for injuries resulting from such streets, sidewalks and alleys being out of repair or obstructed in such manner as to render them dangerous to persons using them with ordinary care and in the usual modes by day or by night. *Taylor* v. *The City of Huntington,* 126 W. Va. 732, 30 S. E. 2d 14; *Boyland* v. *City of Parkersburg,* 78 W. Va. 749, 90 S. E. 347; *Stanton* v. *City of Parkersburg,* 66 W. Va. 393, 66 S. E. 514; *Yeager*

v. *City of Bluefield,* 40 W. Va. 484, 21 S. E. 752; *Gibson* v. *City of Huntington,* 38 W. Va. 177, 18 S. E. 447, 22 L.R.A. 561; 45 Am. St. Rep. 853; *Wilson* v. *City of Wheeling,* 19 W. Va. 323, 42 Am. Rep. 780. The liability is absolute and is not based upon the negligence of the municipality. *Roth* v. *City of Moundsville,* 118 W. Va. 283, 190 S. E. 332; *Thompson* v. *City of Charleston,* 118 W. Va. 391, 191 S. E. 547. To justify recovery, notice upon the part of the city that the defect exists is not necessary. *Arthur* v. *City of Charleston,* 51 W. Va. 132, 41 S. E. 171; *Chapman* v. *Milton,* 31 W. Va. 384, 7 S. E. 22.

In the case of *Holsberry* v. *City of Elkins,* 86 W. Va. 487, 103 S. E. 271, this Court held that an alleged defect consisting of a slightly raised portion of a public sidewalk of the city upon which a thin cover of ice and snow occurred and which was made slippery by children coasting upon it did not render the sidewalk out of repair within the meaning of the statute. That case, however, discloses a situation different from that which appears from the allegations of the amended declaration and, for that reason, is distinguishable from this case.

In *Yeager* v. *City of Bluefield,* 40 W. Va. 484, 21 S. E. 752, cited and relied on by the defendant, the City of Fairmont, recovery was denied the plaintiff who, while crossing a public street of that city to avoid mud, stepped upon a stone which slipped from under him and caused him to fall and break his leg. In that case this Court said that a municipal corporation is not an insurer against accidents which occur upon its streets and sidewalks, and that every defect in them, though it may cause injury, is not actionable. In *Waggener* v. *Town of Point Pleasant,* 42 W. Va. 798, 26 S. E. 352, this Court held that a declaration which alleged that the plaintiff, while passing over a public brick sidewalk in bad repair because rough, uneven, sideling and slippery, caught his foot against a projecting brick, fell and was injured, did not sufficiently state a cause of action under the statute.

Neither of the two last mentioned cases dealt with an alleged defect or obstruction created by snow or ice. In

*Boyland* v. *City of Parkersburg,* 78 W. Va. 749, 90 S. E. 347, the question was presented and decided by this Court. In that case, an action against the city, it appeared that a fall of snow had covered a public sidewalk of the city in front of two dwellings which abutted on the sidewalk and which were separated by a vacant lot. The snow was not removed from the sidewalk. Water from down spouts of the two buildings flowed upon and spread over the sidewalk, mingled with water produced by the partially melted snow, and caused the accumulation of ice and snow. Five days after the snowfall, and while the foregoing condition of the sidewalk continued, the plaintiff, in walking upon it, slipped, fell and was injured. This Court, though reversing the judgment of the trial court because of error in instructions, held that the accumulation of ice and snow, in the recited circumstances, constituted an obstruction which caused the sidewalk to be out of repair within the meaning of the statute. The opinion says: "The language of the statute is plain and unqualified, without exceptions or limitations. The rule as above stated which makes a municipal corporation liable for injuries sustained by a person by reason of a public sidewalk being out of repair or obstructed, applies to obstructions caused by the accumulation of ice and snow. It makes no difference in what manner or by whom the obstructions were placed on the sidewalk. It is the fact of obstruction and not the means by which it is accomplished that the law makes actionable."

The allegations of both counts of the amended declaration, though not stating the depth of the snow or the height of the ice, charge that snow was piled in ridges and depressions and ice was formed upon the sidewalk and that this accumulation of snow and ice made the sidewalk slippery, unsafe and dangerous to persons traveling on it and caused it to be obstructed and out of repair. These allegations bring this case within the rule of the *Boyland* case, and the first count of the amended declaration sufficiently states a cause of action, under the statute, against the defendant, the City of Fairmont.

Before resolving the question of the liability of the defendants, because of the alleged negligence upon their part in failing to comply with the provisions of the city ordinance within the time prescribed, under the averments of the second count, it is necessary to consider the character, the validity, and the effect of the ordinance. According to the allegations of both counts of the amended declaration the ordinance imposes the duty upon every person using or occupying, in any manner, or for any purpose, any house, store or other building, abutting on a sidewalk fronting on any paved street or alley in the city, within three hours after the fall of any snow or, in the case of the formation of any ice, within three hours after such formation, to remove and clear, or cause to be removed and cleared, snow and ice from such sidewalk so as to leave it free and clear of those deposits. If the fall of snow or the formation of ice occurs between the hours of six o'clock in the evening and six o'clock in the morning, however, the terms of the ordinance, as alleged, require the removal of the snow and ice before eleven o'clock that morning.

The tenant and the owners, by their separate demurrers, assert that the ordinance, by its terms does not impose any duty upon them to remove snow and ice from the sidewalk and that their failure to comply with its requirements in that respect does not constitute actionable negligence or render them liable to the plaintiff. The owners also challenge the validity of the ordinance as too vague and indefinite, as violative of constitutional provisions, and as contravening statutes of this State; and insist that, if it is not invalid for those reasons, its provisions do not extend or apply to them. The city, by its demurrer, contends that the ordinance does not impose any duty upon it to remove the snow and the ice or give rise to any liability against it for its failure so to do. Consideration of the questions raised by the demurrers, with respect to the validity and the scope of the ordinance, is limited to its provisions as pleaded for the reason that this Court, in the absence of any direction so to do by the

charter of the city or by any statute, will not take judicial notice of the existence or the effect of the ordinance. *State* v. *Bunner,* 126 W. Va. 280, 27 S. E. 2d 823; *Boyland* v. *City of Parkersburg,* 78 W. Va. 749, 90 S. E. 347; *Town of Cameron* v. *Hicks,* 65 W. Va. 484, 64 S. E. 832, 17 Ann. Cas. 926; *Town of Moundsville* v. *Velton,* 35 W. Va. 217, 13 S. E. 373.

The ordinance applies equally, and without discrimination, to all persons included within the various classes covered by its terms. It is not vague or indefinite, or unreasonable or arbitrary, and its subject matter may be regulated by the municipality in the exercise of the legislative power conferred upon it by statute. The City of Fairmont is authorized by its charter to provide by ordinance for the removal of snow and ice from its sidewalks. Section 143, Article 1, Chapter 10, Acts of the Legislature, 1915, Regular Session. See also Sections 5, 73, 74 and 152, Chapter 22, Acts of the Legislature, 1919, Regular Session, and Section 1, Article 8, Chapter 8, Code, 1931. "Under the police power of the State, the Legislature has the power to provide for the protection of the safety, health, morals, and general welfare of the public, and may delegate such powers to municipalities created by it". *Hayes* v. *The Town of Cedar Grove,* 126 W. Va. 828, 30 S. E. 2d 726, 156 A.L.R. 702. It is not violative of any constitutional provisions and it is not in conflict with any statute of this State. The validity of ordinances of the character of the ordinance here under consideration has been generally upheld. 25 Am. Jur., Highways, Section 65. They are sustained as a constitutional exercise of legislative power. *State* v. *McMahon,* 76 Conn. 97, 55 A. 591; *State* v. *Small,* 126 Me. 235, 137 A. 398; *In re Goddard,* 16 Pick. (Mass.) 504, 28 Am. Dec. 259; *Clinton* v. *Welch,* 166 Mass. 133, 43 N. E. 1116; *City of Helena* v. *Kent,* 32 Mont. 279, 80 P. 258, 4 Ann. Cas. 235; *Kansas City* v. *Holmes,* 274 Mo. 159, 202 S. W. 392, L. R. A. 1918D, 1016; *Carthage* v. *Frederick,* 122 N. Y. 268, 25 N. E. 480, 10 L. R. A. 178, 19 Am. St. Rep. 490; *State* v. *McCrillis,* 28 R. I. 165, 66 A. 301, 9 L. R. A. (N.S.) 635, 13 Ann. Cas. 701. See also Annotations 58 A. L. R.

218. Apparently to the contrary is the case of *McGuire* v. *District of Columbia,* 24 App. D. C. 22, 65 L. R. A. 430, in which an act of Congress imposing the duty upon owners and occupants of abutting land to keep the sidewalks free from ice and snow was declared unconstitutional because of inequality in the distribution of the burden imposed and as discriminatory in favor of some persons and against other persons subject to its provisions.

The ordinance, though valid, being in derogation of the common law, must be strictly construed. See *Newhart* v. *Pennybacker,* 120 W. Va. 774, 200 S. E. 350; *Peters* v. *Hajacos,* 91 W. Va. 88, 112 S. E. 233; *Rhodes* v. *J. B. B. Coal Co.,* 79 W. Va. 71, 90 S. E. 796; *Bank of Weston* v. *Thomas,* 75 W. Va. 321, 83 S. E. 985. At common law no duty devolved upon occupants or owners of property abutting upon a sidewalk, to keep it free from obstructions caused by the natural accumulation of snow and ice. 25 Am. Jur., Highways, Section 65; *Quelette* v. *Miller,* 134 Me. 162, 183 A. 341; *Hanley* v. *Fireproof Building Co.,* 107 Neb. 544, 186 N. W. 534, 24 A. L. R. 382; *Rees* v. *Cobbs,* 131 Ore. 665, 283 P. 1115. See Annotation 93 A. L. R. 800. That duty, where it exists, results from statute or ordinance. The provisions of the ordinance, as pleaded in both counts of the amended declaration, mention and extend to occupants and users of buildings fronting on the sidewalk. They do not refer or apply to owners, as such, or to the municipality. To be subject to its terms an owner must be an occupant or a user. There is no direct or positive averment that any provisions of the ordinance require the city to remove, or cause to be removed, snow and ice, or that the ordinance imposes a duty of that character upon the city. There is no allegation that the owners or the city are occupants or users of the building or any portion of it. The allegation that the owners retained and exercised control over the sidewalk for the common use and benefit of each of the tenants and lessees of the building is not a sufficient averment that the owners occupied or used the building. The counts of the amended declaration neither incorporate the ordinance in terms nor

state the substance of all its provisions. For that reason the ordinance in its entirety and its full scope and effect can not be considered.

The allegations in both counts of the amended declaration, however, that the defendant Rosenshine was the occupant and the tenant of the storeroom on the first floor or story of the building at the time the plaintiff sustained the injuries of which he complains, are sufficient to bring him within the provisions of the ordinance and to subject him to the duty alleged to be imposed upon him by the ordinance.

The violation of a requirement of a statute or an ordinance is *prima facie* actionable negligence when it is the proximate cause of an injury. *Skaff* v. *Dodd,* 130 W. Va. 540, 44 S. E. 2d 621, decided at this term; *Oldfield* v. *Woodall,* 113 W. Va. 35, 166 S. E. 691; *Tarr* v. *Keller Lumber and Construction Co.,* 106 W. Va. 99, 144 S. E. 881, 60 A. L. R. 570; *Bobbs* v. *Morgantown Press Co.,* 89 W. Va. 206, 108 S. E. 879; *Mangus* v. *Proctor Eagle Coal Co.,* 87 W. Va. 718, 105 S. E. 909; *Norman* v. *Virginia Pocahontas Coal Co.,* 68 W. Va. 405, 69 S. E. 857, 31 L. R. A. (N.S.) 504. See *Meyn* v. *Dulaney-Miller Auto Co.,* 118 W. Va. 545, 191 S. E. 558. The allegations in both counts of the amended declaration are that the ordinance imposed the duty upon the defendant Rosenshine, as occupant of the storeroom in the building situate along a paved street, to remove, or cause to be removed, from the sidewalk, in front of the building, snow and ice within the specified time, as provided in the ordinance; that he disregarded and failed to discharge and perform that duty; and that his negligence in that respect was the proximate cause of the injuries sustained by the plaintiff.

The allegations of the first count sufficiently state a cause of action in favor of the plaintiff against the defendant, the City of Fairmont, and the defendant Rosenshine, as an occupant of the building. They do not state a cause of action against the defendants, the McCrays, as owners of the building. The allegations of the second count likewise sufficiently state a cause of action in favor

of the plaintiff against Rosenshine, as such occupant. They do not state a cause of action against the City of Fairmont, or against the McCrays, as owners of the building.

The action of the Circuit Court in overruling the demurrer of the defendants, the City of Fairmont, and Rosenshine, to the first count, and the demurrer of the defendant Rosenshine to the second count, of the amended declaration, was correct. The action of the Circuit Court in overruling the demurrer of the defendant, the City of Fairmont, to the second count, and the demurrer of the defendants, the McCrays, as owners of the building, to both counts, of the amended declaration was error. The certified questions are so answered, and the rulings of the trial court are affirmed in part and reversed in part.

*Rulings affirmed in part and reversed in part.*