MARY BARNIAK

v.

CHARLES GROSSMAN, DOING BUSINESS AS GROSSMAN JEWELRY COMPANY, *et al.*

(CC 829)

Submitted April 17, 1956.          Decided May 29, 1956.

*Frank J. DePond, George M. Amos, Jr.,* for plaintiff.
*Furbee & Hardesty, Herschel Rose,* for defendants.

LOVINS, JUDGE:

Mary Barniak, plaintiff, brought this action against the defendants, Charles Grossman, doing business as Grossman Jewelry Company, The Union Realty Company, a corporation, and The City of Fairmont, a municipal corporation. The object of the action is to recover damages for injuries suffered by the plaintiff when she fell on a sidewalk abutting Meredith Street, sometimes called Porter Alley, near the intersection of that street with Jefferson Street, in the City of Fairmont, Marion County, West Virginia, at 11:55 A.M. or shortly thereafter, on February 14, 1955. The defendants filed separate demurrers to the declaration. The demurrers of The City of Fairmont and The Union Realty Company were overruled. The demurrer of Charles Grossman was

sustained. A summary of the points of law arising on such demurrers is as follows: Does the declaration state a cause of action against the three defendants or either of them?

The declaration alleges a heavy fall of snow occurred during the night of February 13th and 14th, 1955, causing ice to form upon the sidewalk abutting and along a paved street on the side of the building, which rendered the sidewalk dangerous, obstructed it and caused it to be out of repair at the time of plaintiff's fall. The corner storeroom on the first floor of the building was occupied by Grossman as a tenant. The Union Realty Company, owner, has as its principal place of business, a room or rooms on an upper floor and rented portions of the upper floors to other tenants.

The defendant, The City of Fairmont, by the provisions of its charter and by statutes of general application, is required to keep the sidewalks in repair and free from obstruction, and the defendants, tenant and owner, by valid municipal ordinance then in force and effect, were required to remove and clear snow and ice from sidewalks fronting the premises used, owned or occupied by them within a specified time after the snow fell. In the event such snowfall occurred between 6 o'clock in the evening and 6 o'clock in the morning, such snow and ice should be removed before eleven o'clock the following morning.

The owner and tenant are required by such ordinance to keep the gutters along sidewalk front, side and rear of the building free of debris, ice and snow.

The tenant and owner failed to comply with the provisions of the ordinance, and the city failed to remove the obstruction caused by snow and ice from the sidewalk.

The plaintiff, without fault upon her part, and while rightfully walking along the sidewalk on February 14, 1955, as a result of the failure of the defendants to perform the duties imposed upon them by the ordinance,

slipped and fell, sustaining serious and permanent personal injuries.

Under the common law, no duty devolves upon an owner to keep the sidewalk adjacent to his property in a safe condition. *Rich* v. *Rosenshine*, 131 W. Va. 30, 45 S. E. 2d 499; *Hanley* v. *Fireproof Bldg. Co.* (Neb.) 186 N. W. 534. But it is the general rule that the owner of real property who causes an artificial discharge or accumulation of water upon a public sidewalk or roadway which freezes, making the use of such sidewalk or roadway dangerous, may be held liable. See Annotation 22, A.L.R. 2d 738.

The position of plaintiff is that the word "fronting" as used in the ordinance of the City of Fairmont should be interpreted as having the meaning or be interchangeable with the word "abutting"; that to interpret this word "fronting" otherwise would restrict the protection afforded the public to a cleared space of undefined area at or near occupied fronts and thus leave the side of any business premise obstructed by dangerous accumulation of ice and snow; that the language of the ordinance refers in the plural to pavements and sidewalks and it would appear the intention of the lawmakers was thus to include sidewalks situate along or abutting any paved street or alley adjacent to a building; that the sidewalks along the side of this building were constructed for the use of the public generally as a facility in reaching the premises of the occupant; that actually corner property has two fronts, that upon which it faces, and that upon which the building abuts; and that the defendant Grossman's duty extends to clearing the sidewalk in front, as well as alongside the building.

It is the contention of the defendant Grossman that the ordinance of the City of Fairmont (1) does not compel him to remove snow and ice from the sidewalk or an alleyway running along the side of defendant's storeroom, (2) that his alleged failure to keep the gutter between the pavement and the sidewalk situate at the side of defendant's storeroom free from snow and ice does

not constitute negligence on which action may be maintained against him.

The position of The Union Realty Company is that the lower court should have sustained its demurrer to the plaintiff's declaration, for the reason that the premises adjacent to where the injury occurred are occupied by the defendant Charles Grossman, since he is the occupier of the street level portion of the building; that there was no duty at common law upon the owner of the building, and any duty placed upon him is the result of an ordinance, and since Grossman was the lessee and occupier of the lower floor of the building, it is immaterial that The Union Realty Company occupied offices on the second or third floor; and to hold otherwise would be to hold each tenant in the building responsible for injuries received from slippery sidewalks.

The decision of the questions certified turns on the construction and application of a valid ordinance of the City of Fairmont, the charter of such City and the general law relating to the duties of municipalities in keeping the streets under their control in repair and free of obstructions and defects. This Court will not take judicial notice of an ordinance of a municipaltiy. Such ordinance must be proved unless otherwise directed by statute. *Boyland* v. *City of Parkersburg,* 78 W. Va. 749, 90 S. E. 347; *Rich* v. *Rosenshine, supra.*

The plaintiff does not quote the ordinance in full but does quote the pertinent portion of the ordinance on which she relies for recovery as against the defendants Grossman and The Union Realty Company.

The municipal ordinance above mentioned is applicable to the defendants Grossman and The Union Realty Company. As hereinabove indicated, the ordinance makes it the duty of a tenant in a building to remove and clear ice and snow from sidewalks fronting their premises within a specified time after snow falls. The defendant Grossman is the tenant of a part of the building and the

front entrance to his place of business is on Jefferson Street, extending lengthwise on Meredith Street. The plaintiff suffered her injuries from a fall caused by ice on the sidewalk on Meredith Street.

The Union Realty Company, a corporation, the owner of the building, designates such building as its principal place of business and occupies one or more rooms on an upper floor, with access thereto being had by a door and stairway extending upward from Meredith Street.

The ordinance here in question was before this Court in the case of *Rich* v. *Rosenshine, supra*. It was there held that such ordinance should be strictly construed. Rosenshine, the tenant of the building was held liable for failing to remove snow and ice from the sidewalk in front of his premises. The owner of the building was discharged from liability because he did not occupy the building or any part thereof. The City of Fairmont was held liable for the reasons hereinafter stated.

The ordinance here considered is not contrary to our constitution. *Rich* v. *Rosenshine, supra; Hays* v. *The Town of Cedar Grove,* 126 W. Va. 828, 30 S.E. 2d 726, 156 A.L.R. 702. See also 25 Am. Jur., 378, Highways, §65 and cases there cited.

The violation of an ordinance is *prima facie* actionable negligence when it is the proximate cause of an injury. *Morris* v. *City of Wheeling,* 140 W. Va. 78, 82 S. E. 2d 536; *Moore, Adm'r* v. *Skyline Cab., Inc.,* 134 W. Va. 121, 59 S. E. 2d 437; *Skaff* v. *Dodd,* 130 W. Va. 540, 44 S. E. 2d 621; *Oldfield* v. *Woodall,* 113 W. Va. 35, 166 S.E. 691; *Farr* v. *Keller Lumber and Construction Company,* 106 W. Va. 99, 144 S. E. 881.

In this case we have somewhat different questions than that presented by the Rosenshine case. Grossman, the tenant of the building, contends that the premises he occupies does not front on Meredith Street where the injury took place and that, therefore, he is not liable. The owner of the building, The Union Realty Company, a corpor-

ation, contends that though it occupies an upstairs room and the building constitutes its principal place of business, it is not liable.

Discussing the question of liability of defendant Grossman, it is necessary to consider the language of the ordinance and apply the rule of strict construction. *Rich* v. *Rosenshine, supra.* Cases from other jurisdictions are not in harmony. The word "front" ordinarily is that side of the lot which a house thereafter built will likely face and "* * * results in common understanding that this is side intended when front of lot is referred to, though meaning of terms is to be determined by context in which used and by the surrounding circumstances." *Rhinehart* v. *Leitch,* 140 Atl. 763. See *Aller* v. *Berkeley Hall School Foundation,* Calif. App. 103, P. 2d 1052 as to building restrictions in a deed which in effect holds that the "front" means that part or the side of the land toward which a house or building is expected to face. The manner in which a building has been built, used and occupied determines the meaning of the word "front", as a question of fact. *Haviland* v. *City of Columbus* (Ohio) 34 N.E. 679. See *State ex rel. Gulf Refining Co.* v. *De France, et al.* (Ohio) 100 N. E. 2d 689.

Cases in which an opposite conclusion is reached on similar facts are *Wilbur* v. *City of Springfield* (Ill.) 14 N. E. 871; *Elder* v. *Cassilly* (Ky.) 54 S.W. 836; *Standard Oil Co.* v. *Kamradt, et al.* (Ill.) 149 N. E. 538; *Olsen* v. *Fry* (Mich.) 207 N.W. 803; *Morrison, et al.* v. *Hershire,* 32 Iowa 271. The cases just cited follow the rule that a corner lot has two fronts, enunciated in *The City of Des Moines* v. *Dorr,* 31 Iowa 89. But bearing in mind the strict construction of the ordinance here considered, we are of opinion and so hold that the language of the ordinance requires tenants whose premises front on streets to clear away the snow and ice in front of their premises and not on the side or lengthwise dimension.

We conclude that the declaration does not state a cause of action against the defendant Grossman for his

failure to remove ice and snow for the reason that the accident did not occur on the sidewalk in front of his premises. He is not liable to the plaintiff in damages since the ordinance of the City of Fairmont does not require him to remove ice and snow from Meredith Street when strictly construed.

In answer to the second question certified, the defendant Grossman, under the uncertain language of the ordinance, is required to keep gutters along the sidewalk on the front, side and rear of the building free from debris, ice and snow. We think that portion of the ordinance is somewhat indefinite. Again, applying the rule of strict construction, Grossman was not required to keep the gutters on the side of his premises free from snow and ice, so as to prevent motor vehicles passing over and along Meredith Street splashing water onto the sidewalks where it there freezes. It would be unreasonable to require tenants to maintain a twenty-four hour watch of the sidewalks so as to keep them free of water which has been splashed by passing motor vehicles in order to prevent freezing.

The liability of the owner of the building where the plaintiff was injured rests on the provisions of the ordinance. As hereinabove stated, The Union Realty Company, a corporation, occupies one or more rooms on an upper floor of the building. The charter of that corporation states that its principal office is in the building alongside which the accident occurred. We accept that as conclusive. See Loyd's Executorial Trustee (Va.) 75 S. E. 233. People using the sidewalk lengthwise the building where the plaintiff was injured, have access to the upper floor of the building through a door and stairway. Considering such elements, we think the plaintiff's declaration states a good cause of action under the ordinance of the City of Fairmont against the owner who is an occupant of a portion of the building.

We do not mean to hold that the tenants of the upper floors of the building in the case at bar are responsible

for clearing of snow and ice from sidewalks. We do not think that the ordinance of the City of Fairmont applies to a mere tenant on an upper floor of a building. The owner falls in a different category. We think that the doctrine holding the tenants, owners and occupants of a building liable for failing to remove snow and ice from the sidewalks should not be extended to include such tenants. But we think that strictly construing the ordinance, the owner should be held liable in the circumstances disclosed by this record.

Although the fourth certified question involves liability of the City of Fairmont to the plaintiff, the City has filed no brief herein.

Chapter 40, Article X, Section 17, Acts of the Legislature, 1933, Extraordinary Session, reads in part as follows:

> "Any person who sustains an injury to his person or his property by reason of any * * * street or sidewalk or alley in any incorporated city, town or village, being out of repair may recover all damages sustained by him by reason of such injury, in an action against the * * * city, town or village in which such * * * street, sidewalk or alley may be, except that such city, town or village shall not be subject to such action unless it is required by its charter to keep the * * * street, sidewalk or alley therein, at the place where such injury is sustained, in repair. If it is not so required, the action and remedy shall be against the county court, * * *".

Chapter 10, Sections 143 and 152, Acts of the Legislature, Regular Session, 1915, Municipal Charters, authorizes the City of Fairmont to impose the duty upon the property owners and tenants to remove snow and ice from the sidewalks. Chapter 22, Acts of the Legislature, 1919, Municipal Charters, Sections 5, 73, 74 and 152 enlarges the duties and powers of the City of Fairmont and confers ample authority to provide by ordinance for the removal of snow and ice from the sidewalks. As to the general law applicable to municipalities, see Section

1, Chapter 89, Acts of the Legislature, Regular Session, 1949.

The case of *Rich* v. *Rosenshine, supra,* is authority for the proposition that a municipality is liable for permitting its streets and sidewalks to be out of repair. Other cases on this point are: *Taylor* v. *City of Huntington,* 126 W. Va. 732, 30 S.E. 2d 14; *Toler* v. *City of Charleston,* 115 W. Va. 191, 174 S.E. 891; *Carder* v. *City of Clarksburg,* 100 W. Va. 605, 130 S. E. 349; *Boyland* v. *City of Parkersburg, supra; Staunton* v. *City of Parkersburg,* 66 W. Va. 393, 66 S.E. 514.

Basing our decision on the provisions of the charter of the City of Fairmont and the general law, we conclude that the declaration states a good cause of action against the City of Fairmont, and accordingly, affirm the ruling of the trial court on the demurrer of the City of Fairmont.

In accordance with the foregoing, the rulings of the Circuit Court of Marion County on the demurrers of the City of Fairmont, The Union Realty Company, a corporation, and Charles Grossman, are affirmed.

*Rulings affirmed.*