EDWARD LEWIS, *an infant, who sues, etc., et al.*

*v.*

WALTER R. McINTIRE

(No. 12416)

Submitted September 21, 1965.     Decided October 12, 1965.

*Furbee & Hardesty, Russel L. Furbee, Charles V. Critch-field,* for appellant.

*Alfred R. Putnam,* for appellees.

HAYMOND, JUDGE:

In this civil action instituted in the Circuit Court of Marion County, West Virginia, the plaintiffs, Edward Lewis, an infant sixteen years of age when injured, who sues by Laura

Lewis, his next friend, and Laura Lewis in her own right, seek to recover damages from the defendant, Walter R. McIntire, for personal injuries to the infant plaintiff allegedly caused by the negligence of the defendant, in a collision between an automobile driven by the defendant and a bicycle on which the infant plaintiff was riding at the time, and for medical and hospital expenses incurred by the plaintiff Laura Lewis, who is the mother of the infant plaintiff Edward Lewis. The collision which gives rise to this action occurred after dark about nine o'clock in the evening of May 31, 1961, at a point on U. S. Route 19, near White Rock, in Marion County, West Virginia. Upon the trial the jury returned a verdict for the infant plaintiff, Edward Lewis, of $500.00 and for the plaintiff, Laura Lewis, of $5,500.00, on which judgment was entered in favor of the plaintiffs. By final order entered July 15, 1964, the circuit court overruled the motions of the defendant to set aside the verdicts and the judgment and to grant the defendant a new trial; and from that judgment this Court granted this appeal and supersedeas upon the application of the defendant.

The case was submitted for decision in this Court upon the record, the written brief in behalf of the plaintiffs, and the written brief and the oral argument of counsel in behalf of the defendant.

The defendant assigns as error the action of the circuit court in refusing to give Instruction No. 1, offered by the defendant, which would have directed the jury to return a verdict for the defendant for the assigned reasons that the evidence shows that the infant plaintiff was guilty of negligence which caused or contributed to his injuries and that the defendant was not guilty of actionable negligence.

The only questions for decision are whether the infant plaintiff was guilty of negligence which caused or contributed to his injuries and whether the defendant was guilty of actionable negligence which was the proximate cause of the injuries to the infant plaintiff.

Shortly before the collision in which the infant plaintiff sustained the personal injuries of which he complains he purchased a bicycle in Monongah, a town which is located a few miles south of the place where the collision occurred, and after purchasing the bicycle for the sum of two dollars from another youth, the infant plaintiff mounted the bicycle and started for his home in Fairmont, traveling north on U. S. Route 19. When he reached a point on the highway at or near a place known as White Rock and while traveling on the righthand side of the highway about one and one-half feet or two feet from the right edge of the improved portion of the highway he met two automobiles traveling south on their right side of the highway, the improved portion of which at that point was twenty feet in width with a berm approximately three feet or four feet in width on each side of the improved portion of the highway. It was dark at the time of the collision and the headlights on each of the automobiles were burning. The bicycle was not equipped with any front or rear lights. When the bicycle was a few feet from the first of the oncoming automobiles the automobile driven by the defendant, which was following the first automobile at a distance of approximately sixty feet, turned to the left in order to pass the automobile in front of it and, in attempting to do so, when the automobile of the defendant had reached a point opposite the front door of the other automobile, the automobile of the defendant struck the bicycle on which the infant plaintiff was riding, knocked it down on the left side of the improved portion of the highway and continued forward for a distance of approximately eighty feet. The infant plaintiff was rendered unconscious by the collision and received severe, painful, and crippling permanent injuries. Shortly after the collision he was taken to the Fairmont General Hospital in an unconscious condition and he was confined in that hospital for a period of approximately two months and later in another hospital for a period of approximately one month.

At the time of the collision the automobile driven by the defendant was traveling at the rate of about forty miles per hour. The defendant testified that he did not see the bi-

cycle ridden by the infant plaintiff until just before he struck it, although his headlights were in good condition, were burning, and were capable of casting a light ahead a distance of approximately 350 feet; and the infant plaintiff testified that he did not know or see that the automobile driven by the defendant would come upon its left side of the highway until he saw it in front of his bicycle immediately before it struck the bicycle. The collision occurred on a portion of the highway which was practically straight for a distance of several hundred feet in each direction from the point of the impact. The defendant testified that his headlights did not light the left side of the highway for a sufficient distance to enable him to see the bicycle ridden by the infant plaintiff until he had entered upon the left side of the highway; that he was looking for a light on any oncoming vehicle; and that he failed to see the bicycle of the infant plaintiff because it did not carry any light at the time of the collision. The evidence indicates that the defendant did not give any audible signal at the time he attempted to pass the other automobile.

This Court has consistently held in many cases that when the evidence is conflicting, or when the facts, though undisputed, are such that reasonable men may draw different conclusions from them, the questions of negligence and contributory negligence are for jury determination. *Pygman* v. *Helton,* 148 W. Va. 281, 134 S. E. 2d 717, and the many cases cited in the opinion in that case. There is little, if any, dispute in the material facts disclosed by the evidence but inasmuch as reasonable men could draw different conclusions from those facts as to whether the defendant was guilty of negligence, and as the jury by its verdict has found that he was, the verdict in that respect will not be disturbed by this Court on this appeal.

Though ordinarily the questions of negligence and contributory negligence are for the jury, when the material facts are undisputed and only one inference may be drawn from them by reasonable minds, the questions of negligence and contributory negligence are questions of law for the court. *Petros* v. *Kellas,* 146 W. Va. 619, 122 S. E. 2d 177;

*Graham* v. *Crist,* 146 W. Va. 156, 118 S. E. 2d 640; *Brake* v. *Cerra,* 145 W. Va. 76, 112 S. E. 2d 466; *Workman* v. *Wynne,* 142 W. Va. 135, 94 S. E. 2d 665, and the many cases cited in the opinion in that case.

In *Krodel* v. *Baltimore and Ohio Railroad Company,* 99 W. Va. 374, 128 S. E. 824, this Court held in point 5 of the syllabus that "Where the facts which control are not disputed and are such that reasonable minds can draw but one conclusion from them, the question of contributory negligence barring recovery is one of law for the court." See also *Barr* v. *Curry,* 137 W. Va. 364, 71 S. E. 2d 313; *Daugherty* v. *Baltimore and Ohio Railroad Company,* 135 W. Va. 688, 64 S. E. 2d 231; *Yuncke* v. *Welker,* 128 W. Va. 299, 36 S. E. 2d 410; *McLeod* v. *The Charleston Laundry,* 106 W. Va. 361, 145 S. E. 756; *Robertson* v. *Monongahela Power and Railway Company,* 99 W. Va. 356, 128 S. E. 829; *Jameson* v. *Norfolk and Western Railway Company,* 97 W. Va. 119, 124 S. E. 491; *Cavendish* v. *Chesapeake and Ohio Railway Company,* 95 W. Va. 490, 121 S. E. 498; *Robinson* v. *Chesapeake and Ohio Railway Company,* 90 W. Va. 411, 110 S. E. 870.

At the time of the collision, as already indicated, the bicycle on which the infant plaintiff was riding was not equipped with any lights or other signalling device. The statute then in effect, Section 7, paragraph (a), Article 11, Chapter 17C, Code, 1931, as amended, provided that every bicycle when in use at nighttime shall be equipped with a lamp on the front which shall emit a white light visible from a distance of five hundred feet to the front and with a red reflector on the rear of a type approved by the department which shall be visible from a distance of fifty feet to three hundred feet to the rear when directly in front of lawful upper beams of head lamps on a motor vehicle. In riding his bicycle at nighttime, without the lights required by the statute, the infant plaintiff was operating his bicycle in violation of the statute. This Court has held in many cases that the violation of a statute or an ordinance is prima facie actionable negligence when it is the natural and proximate cause of an injury. *Payne* v. *Kinder,* 147

W. Va. 352, 127 S. E. 2d 726; *Spurlin* v. *Nardo*, 145 W. Va. 408, 114 S. E. 2d 913; *Barniak* v. *Grossman*, 141 W. Va. 760, 93 S. E. 2d 49; *Walker* v. *Robertson*, 141 W. Va. 563, 91 S. E. 2d 468; *Morris* v. *The City of Wheeling*, 140 W. Va. 78, 82 S. E. 2d 536; *Pitzer* v. *M. D. Tomkies and Sons*, 136 W. Va. 268, 67 S. E. 2d 437; *Moore* v. *Skyline Cab, Inc.*, 134 W. Va. 121, 59 S. E. 2d 437; *Somerville* v. *Dellosa*, 133 W. Va. 435, 56 S. E. 2d 756; *Rich* v. *Rosenshine*, 131 W. Va. 30, 45 S. E. 2d 499; *Skaff* v. *Dodd*, 130 W. Va. 540, 44 S. E. 2d 621; *Powell* v. *Mitchell*, 120 W. Va. 9, 196 S. E. 153; *Scott* v. *Hoosier Engineering Company*, 117 W. Va. 395, 185 S. E. 553; *Oldfield* v. *Woodall*, 113 W. Va. 35, 166 S. E. 691; *Tarr* v. *Keller Lumber and Construction Company*, 106 W. Va. 99, 144 S. E. 881, 60 A.L.R. 570; *Bobbs* v. *Morgantown Press Company*, 89 W. Va. 206, 108 S. E. 879; *Mangus* v. *Proctor-Eagle Coal Company*, 87 W. Va. 718, 105 S. E. 909; *Norman* v. *Virginia-Pocahontas Coal Company*, 68 W. Va. 405, 69 S. E. 857, 31 L.R.A., N. S., 504. Assuming that the defendant was negligent in that he failed to keep a proper lookout when he entered his left lane of the highway in attempting to pass the automobile ahead, nevertheless, under the rule of the above cited cases, the infant plaintiff was guilty of contributory negligence as a matter of law and for that reason is not entitled to any recovery against the defendant. The refusal of the circuit court to hold that the infant plaintiff was guilty of contributory negligence as a matter of law and in refusing to give Instruction No. 1, which would have directed the jury to return a verdict in favor of the defendant, constituted prejudicial error which requires reversal by this Court of the judgment rendered by the circuit court.

The judgment of the circuit court is reversed, the verdict of the jury is set aside, and this case is remanded to that court for a new trial which is hereby awarded the defendant.

*Reversed and remanded.*