Francis C. PERKINS, Appellant,

v.

HENRY J. KAISER CONSTRUCTION CO., a corporation, Appellee.

No. 9532.

United States Court of Appeals Fourth Circuit.

Argued Sept. 24, 1964.

Decided Dec. 10, 1964.

George A. Daugherty, Charleston, W. Va. (Weaver & Daugherty, Charleston, W. Va., on brief), for appellant.

Charles W. Yeager, Charleston, W. Va. (Stanley C. Morris and Steptoe & Johnson, Charleston, W. Va., on brief), for appellee.

Before HAYNSWORTH and BRYAN, Circuit Judges, and SIMONS, District Judge.

PER CURIAM:

For personal injuries suffered in a fall while employed in the installation of furnaces during construction of an industrial plant in West Virginia, Francis C. Perkins was awarded damages by a jury in the District Court. On motion of the defendant, Henry J. Kaiser Construction Company, the verdict was set aside and judgment rendered non obstante for Construction. It had not failed in any duty to Perkins, the Court concluded, because the defective wooden guard rail of the defendant responsible for his misfortune was used by him at the time in an unforeseeable and plainly unintended manner. Perkins appeals; we affirm.

The evidence comprised an explanation of the respective relationships, inter se, of the parties and the contractors engaged in the building project, a description of the faulty timber and a retracing of the injured employee's movements resulting in the accident. A close and graphic narrative of the facts was included by the District Judge in his letter-opinion, which we adopt for its clarity. However, we think the motion n. o. v. is to be upheld upon the contributory negligence of the plaintiff, necessarily applied with the strictness of the West Virginia doctrine, rather than upon a want of a duty resting on the defendant. Both grounds were asserted in the motion. While they are almost inextricably interwoven, the contributory negligence is the plainer premise, for the employee's participation in his own injury is manifest from the evidence.

Affirmed.