Grady **HAMRICK**, Appellant,

v.

**AEROJET–GENERAL CORPORATION, INDUSTRIAL SYSTEMS DIVISION, an Ohio Corporation, Appellees.**

No. 73–1053.

United States Court of Appeals, Fourth Circuit.

Submitted Oct. 13, 1975.

Decided Nov. 12, 1975.

Martin C. Bowles, Charleston, W. Va., and Bennett R. Burgess, St. Albans, W. Va., for appellant.

John S. Haight, Charleston, W. Va., for appellee.

Before HAYNSWORTH, Chief Judge, and RUSSELL and WIDENER, Circuit Judges.

**PER CURIAM:**

Plaintiff-appellant seeks reversal of the decision of the District Court denying him relief for personal injuries which he allegedly suffered as the result of defendant-appellee's negligence. The complaint was filed in the Court of Common Pleas of Kanawha County, West Virginia, and was removed by the defendant to the United States District Court for the Southern District of West Virginia on the basis of diversity of citizenship. The trial court, sitting without jury, found that the defendant was not negligent, and that the plaintiff himself was guilty of contributory negligence and assumption of risk.

Defendant, Aerojet, was a general contractor which had undertaken a construction project for Union Carbide Corporation. The plaintiff was instructed by his employer, Dougherty Company, Inc., one of defendant's subcontractors, to report to the Union Carbide construction site. Upon arrival, finding it necessary to ascend to the third floor of the project, he chose to utilize the "man-lift" instead of a staircase which was equally accessible. The "man-lift" is a conveyor belt which stands perpendicular to the ground, has footholds and handles which allow persons to secure themselves, and serves as a crude mode of elevator. Having mounted the lift, the plaintiff failed to realize that he had gone beyond floor level of the top floor, and was approaching the point at which the belt would make a 180 degree turn and begin its descent. As a consequence, he was forced to jump off the lift. Upon impact with the floor, appellant sustained serious damage to his ankle.

Appellant alleged in the District Court that Aerojet was negligent in several regards, most notably in that they failed to mark the floors adjacent to the path of the man-lift. In support of his claim, he cited West Virginia Code Chapter 21, Article 3, §§ 1–3, which requires that employers take certain precautionary measures to protect employees from injury from mechanical apparatus.

■ Although West Virginia treats the violation of such a statute as prima facie negligence if it is the proximate cause of injury, *Tarr v. Keller Lumber and Construction Co.*, 106 W.Va. 99; 144 S.E. 881 (1928), the District Court properly noted that the Supreme Court of West Virginia has held the above-mentioned statutory provision to be applicable only to the employer-employee situation. See *Chenoweth v. Settle Engineers, Inc.*, 151 W.Va. 830, 838, 156 S.E.2d 297, 302 (1967). There is no dispute as to the fact that appellant and Aerojet did not stand in the relationship of employer and employee. Additionally, the District Court reasoned that the statutory language indicated a legislative intent to make the safety requirements applicable to *operational* industrial facilities, not to those which are merely under construction. Since the statute speaks to owners of places of employment "now or hereafter *constructed*," W.Va. Code, c. 21, art 3, § 1, we feel that such an interpretation is proper. Although not unambiguous, the West Virginia Supreme Court seemed to concur in this construction. See *Chenoweth v. Settle Engineers, Inc.*, supra at 838, 156 S.E.2d at 302.

■ The trial judge thus examined the duty owed to the plaintiff in accordance with the common law of West Virginia. Appellant urges that through the doctrines of "reasonable convenience" or "mutual advantage" he was owed the duty of reasonable care, rather than the lesser duty of refraining from willful and wanton conduct. On the authority of *Perkins v. Henry J. Kaiser Company*, 236 F.Supp. 484, (S.D.W.Va.1964), aff'd, 339 F.2d 703, the District Judge found neither theory to be applicable to the instant case. "Mutual advantage" requires that the owner of the apparatus receive advantage from the permitted use by another of that *particular* piece of equipment. *Id.* at 487. It is clear from the record that plaintiff could have chosen just as easily to use the stairs for his two-story ascent, and that no benefit accrued to Aero as a result of his decision to use the "man-lift." "Reasonable convenience" is pertinent where it is foreseeable that use of the mechanism would be reasonably necessary for the subcontractor to perform the functions owed his general contractor. *Id.*; *See* also *Pettyjohn v. Basham*, 126 Va. 72, 100 S.E. 813 (1919). The existence of the equally accessible stairway negates the applicability of this doctrine as well.

The trial court found that Aero violated no duty owed the plaintiff-appellant. Additionally, it was found that plaintiff was contributorily negligent in his failure to observe that the "man-lift" had reached the top floor.

■ We cannot say that these findings are clearly erroneous. See Rule 52, F.R.Civ.P. Nor do we find any error of law. Since the findings of an absence of defendant's negligence and appellant's contributory negligence adequately dispose of the instant case, we express no opinion as to the propriety of the trial court's decision that appellant's action also constituted assumption of risk.

Accordingly, the judgment of the District Court is affirmed.

WIDENER, Circuit Judge (concurring):

I concur in the result because the finding of contributory negligence by the district judge, who heard the case on oral evidence and saw the witnesses and heard them testify, is not clearly erroneous. FRCP 52(a).