ASAHEL GRIDLEY

*v.*

THE CITY OF BLOOMINGTON.

1. MUNICIPAL CORPORATION—*power to require lot owner to remove snow from sidewalk.* The sidewalk in a city or village being as much a highway free to the use of all as the streets, a citizen or lot owner can not be laid under obligation to keep it free from obstructions by snow, etc., in front of his property at his own expense, either by the exercise of the police power or by fines and penalties imposed by ordinance or by direct legislation.

2.  ORDINANCE—*to compel removal of snow from sidewalk.*  An ordinance of a city requiring the occupants of premises and the owners of vacant lots to remove, at their expense, the snow from the sidewalk or footway adjacent to their premises within six hours after it ceases falling, or if it ceases in the night time, within six hours after sunrise, under a penalty of five dollars, can not be enforced.  The city has no such power.

3.  SPECIAL ASSESSMENTS—*can not be enforced by fines.*  Assessments for benefits for local improvements can not be enforced by fines or penalties imposed by ordinance.

4.  The legislature must afford the necessary power for constructing all needful public improvements by cities and villages, subject to constitutional limitations, and when one mode of making such improvements is sanctioned by the constitution, no other can be adopted.

APPEAL from the Circuit Court of McLean county.

Complaint, under oath, was made, charging that defendant permitted snow to remain upon the sidewalk abutting on premises occupied by him as a "wood and stable lot," contrary to an ordinance of the city which provides, that "whoever, being the occupant of any occupied premises, or the owner of any vacant premises, shall suffer any snow to remain on any sidewalk or footway adjacent thereto longer than six hours from the time it ceases falling, or if the cessation be in the night time, then longer than six hours after sunrise on the next morning, shall be fined five dollars, and be subject to a like penalty for each day such snow so remains after the first penalty has been incurred."

Proof was made that defendant, on the 16th day of February, 1875, owned and occupied lot 3, in White's addition to Bloomington, as a wood and stable lot; that there was a sidewalk on the south side of the lot, which abutted on Grove street; that defendant did not remove the snow that had fallen on the sidewalk, two or three days before, to the depth of several inches, within six hours after sunrise on the day mentioned in the complaint, and that the sidewalk in question was within the corporate limits of the city.

It was admitted for the defense, that White's addition to

Bloomington was laid out by James White on the 7th day of April, 1836.

On the trial, defendant was found guilty, and fined in the sum of three dollars, and from the judgment rendered against him defendant prosecutes his appeal to this court.

Mr. E. M. PRINCE, and Messrs. KARR & KARR, for the appellant.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The ordinance under which defendant was prosecuted, imposes a fine upon any one who shall permit snow to remain on the sidewalk abutting premises occupied or owned by him, longer than a period of six hours after it ceases to fall, or if the cessation is in the night time, then longer than six hours after sunrise on the next morning. The validity of that ordinance is the only question made on the argument. It was admitted the lot occupied by defendant was one of an addition to Bloomington that was laid out in 1836, and hence it follows, under the decisions of this court, the fee of the street in front of the premises was either in the original proprietor or in the corporation. *Indianapolis, Bloomington and Western R. R. Co.* v. *Hartley,* 67 Ill. 439; *Gebhardt* v. *Reeves,* 75 id. 301.

The public had an easement over the street in front of the lot occupied and owned by defendant, and it makes no difference, so far as this decision is concerned, whether the fee of the street passed by the plat and dedication to the corporation, or whether it remained in the original proprietor. It is plain defendant has no other interest in the street in front of his property than any other citizen of the municipality. The same is true of the sidewalk. It is a part of the street set apart for the exclusive use of persons traveling on foot, and is as much under the control of the municipal government as the street itself. The owner of the adjacent lot is under no more obligation to keep the sidewalk free from obstructions, than he is the street in front of his premises. He may not

himself obstruct either so as to impede travel on foot or in carriages.  It will be conceded the citizen is not bound to keep the street in front of his premises free from snow or anything else that might impede travel; then, upon what principle can he be fined for not removing snow or other obstruction from the sidewalk in which he has no interest other than what he has in common with all other persons resident in the city? It is certainly not upon the principle under which assessments are made against the owner for building sidewalks in front of his property.  The cases are not analogous.  Such assessments are maintained on the ground the sidewalk enhances the value of the property, and to the extent of the special benefits conferred they are held to be valid.

It would be absurd to suppose that assessments for benefits for local improvements could be enforced by fines or penalties, as in the ordinance under which defendant was fined.  Nor do we think this ordinance can be upheld as an exercise of the police power inherent in all municipal governments.  It was expressly decided by this court, in *City of Ottawa* v. *Spencer*, 40 Ill. 211, that local improvements of either sidewalks or streets can not be compelled, under the general police power. The legislature must afford the necessary power for constructing all needful improvements, subject to constitutional limitations; and when one mode of making such improvements is sanctioned by the constitution, no other can be adopted.

Keeping streets and sidewalks in repair, and free from obstructions that impede travel or render it dangerous, is referable to the same power as for constructing new improvements. The sidewalk, as was declared in the case cited, is as much a public highway, free to the use of all, as the street itself, and, upon principle, it follows, the citizen can not be laid under obligations, under our laws, to keep it free from obstructions in front of his property at his own expense, any more than the street itself, either by the exercise of the police power or by fines and penalties imposed by ordinance, or by direct legislative action.

Our conclusion is, the ordinance in question is invalid, and the judgment must be reversed and the cause remanded.

*Judgment reversed.*