Anderson v. Schubert.

# Julia Anderson, alias Julia Wier, v. John C. Schubert, Clerk of the Criminal Court of Cook County.

1. ORDINANCES—*Suits for Violating are Civil Actions.*—The fact that penalties are recovered for the breach of ordinances, and judgments therefor are enforced by imprisonment, does not change the character of the suits from civil to criminal prosecutions.

2. CLERK OF THE CRIMINAL COURT—*Docketing Appeal Cases—Fees.* —The clerk of the Criminal Court of Cook County can not be compelled to docket an appeal from a justice's judgment for a violation of a city ordinance, without the payment of advance fees.

Memorandum.—Motion for a rule on the clerk of the Criminal Court of Cook County, to docket a cause without the advancement on the part of the defendant of docket fees. Motion overruled and appeal. Heard in this court at the October term, 1894, and affirmed. Opinion filed October 22, 1894.

APPELLANT'S BRIEF, JOSEPH B. DAVID, ATTORNEY.

When a municipal corporation is engaged in prosecuting alleged violators of its ordinances, it is acting as the agent

of the State, and stands upon the same ground as the State does, in so far as the payment by it of any costs of court in carrying on or conducting such prosecutions are concerned; and when a person is charged with the violation of a municipal ordinance and is acquitted of such charge, he can not recover a judgment for costs against the municipality. Hence in the case at bar, if appellant were compelled to advance the clerk's costs for docketing her case in the Criminal Court and on her trial was found not guilty, she would not and could not recover back the costs by her expended, and it would be error for the court to render a judgment against the city of Chicago for costs. Therefore, to hold that under such circumstances she should be required to advance the costs for docketing her case would be manifestly unjust and against the spirit of our institutions.

A municipal corporation is not liable for costs in prosecuting supposed violators of its ordinances, and that a judgment for costs can not be entered against it when any such prosecution results unsuccessfully, see Holmes v. The City of Mattoon, 111 Ill. 27; Town of Nokomis v. Harkey, 31 Ill. App. 107; Fosselman v. The City of Springfield, 38 Ill. App. 296; City of Pekin v. Dunkelberg, 40 Ill. App. 184; The People, etc., ex rel. John F. Clark, Clerk, etc., v. The Village of Chapin, 48 Ill. App. 643; The City of Petersburg v. Whitnack, 48 Ill. App. 663.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The only question in this case is whether the appellant, against whom the city of Chicago had obtained before a justice a judgment for $100 for the breach of an ordinance, was entitled to have her appeal from that judgment docketed in the Criminal Court without paying to the appellee, who is the clerk of that court, $10, according to the letter of Sec. 33, Ch. 53, as amended in 1893.

That penalties are recovered for the breach of municipal ordinances, and that judgments therefor are enforced by imprisonment, does not change the character of the suits from civil suits to criminal prosecutions. Town of Partridge v. Snyder, 78 Ill. 519.

The appellant has cited many cases which she insists, by analogy, relieve her from the advance payment of fees. Later than any of them is People v. Williams, 145 Ill. 573, holding that a man elected to an office must take it and discharge its duties.    That can hardly be without compensation.

It has been decided that a citizen can not be compelled to clean the snow from his sidewalk.    Gridley v. Bloomington, 88 Ill. 554.

If he can not be required to do that service gratuitously a few times each year for his neighbors, can he be forced to work for them all the time for nothing?    And appellee's only compensation is by the fees, for though he has a salary it can only be paid out of the fees of his office.    Sec. 31 of same chapter.    Such fees may amount to more or less than his salary and office expenses, but it is impossible to say in advance which.

Our conclusion is that as he can not be required to work gratuitously for all, he can not for one, and the judgment of the Criminal Court denying her application, is affirmed.