INHABITANTS OF CLINTON *vs.* HENRY W. WELCH.

Worcester.   March 16, 1896. — May 21, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & BARKER, JJ.

*Constitutionality of By-Law of Town.*

The imposition in a town by a by-law of the duty upon the owners and occupants of estates abutting upon certain kinds of sidewalks only to remove snow and ice therefrom, and the forfeiture for a violation of the by-law, as a fixed penalty, of the maximum penalty authorized by Pub. Sts. c. 53, § 9, do not make the by-law void.

TORT, to recover a penalty for suffering snow to remain upon a sidewalk contrary to the provisions of a by-law of the plaintiff town.   The action was brought in the Second District Court of Eastern Worcester, where judgment was entered for the defendant, and the plaintiff appealed.   At the trial in the Superior Court, without a jury, before *Richardson*, J., a question was raised as to the validity of the appeal, which was waived at the argument in this court, and the only question for decision, which was whether the by-law was repugnant to law, was raised by a bill of exceptions in substance as follows.

The by-law is as follows: " Chapter XII. Section 1.   No owner or tenant of an estate abutting upon brick, concrete, or other curbed or finished sidewalk, shall place or suffer to remain for more than five hours between sunrise and sunset, any snow upon such sidewalk, nor any ice upon such sidewalk unless such ice is made even and covered with sand, sawdust, or ashes to prevent slipping.   Such snow and ice may be removed from the sidewalk to the street, provided, however, the same is made even at the time of removal.   Whoever violates any of the provisions of this section shall forfeit to the town of Clinton the sum of ten dollars, to be recovered in an action of tort in the name of the town.   Whenever the party or parties, whose duty it is to remove such snow or ice in accordance with this section, shall neglect to do so for the period named, it shall be the duty of the road commissioners to cause the same to be removed and to enforce the forfeiture herein provided."

The defendant admitted, and it was agreed, that the by-law was duly adopted by the town and approved by a justice of the Superior Court; that the defendant owned and occupied the lot adjoining or contiguous to and abutting upon the sidewalk in question, and that it was a concrete sidewalk; that a snow-storm occurred on December 2, 1894, and that the defendant did not clear the snow from his sidewalk on that or the following day, but that the superintendent of streets, acting under the direction of the road commissioners, did clear it off on December 3 or 4, 1894, after it had remained thereon more than five hours between sunrise and sunset on December 3.

In answer to the counsel of the defendant, Lorin B. Walker, superintendent of streets for the plaintiff town in 1894, testified that the expense to the town for clearing off the defendant's sidewalk as aforesaid was seven cents. A map showing the streets of the town, and where sidewalks were, was put in evidence and shown to the witness, who admitted it was correct, from which it appeared by his testimony that there were no brick sidewalks in the town; that the only finished sidewalks were made either of concrete or of gravel with a stone curbing; that such curbed or concrete sidewalks were laid on portions of ten or twelve streets of the town; that only on small portions of six streets were the sidewalks curbed or concreted on both sides of the streets; that on all other streets and on portions of the six streets last referred to, where curbed or concrete sidewalks existed, they existed on only one side of the street; that on all the other streets of the town and on portions of the streets above referred to, where no curbing or concrete sidewalks were laid, there were good sidewalks of dirt or gravel on both sides of the way, which were made and kept in repair and in safe condition by the town; and that the town kept all its sidewalks ploughed out and in good travelling condition for foot passengers in the winter season. The witness also testified that there were many vacant lots adjoining or contiguous to the curbed or concrete sidewalks, on streets where such sidewalks existed, the owners of which did not live in the town. The judge did not find that seven cents was the only expense to the town of clearing the snow from said sidewalk.

At the close of the evidence the defendant asked the judge to rule as follows:

1. That on all the evidence, as matter of law, the defendant is entitled to judgment.

2. That the by-law on which the action is brought is unreasonable, oppressive, and partial, and is repugnant to the laws and Constitution of the Commonwealth, and that the defendant is entitled to judgment.

3. That the by-law is broader than the statute on which it is founded, and is therefore null and void, and that the defendant must have judgment.

4. That the by-law is null and void, because it is an unequal apportionment of the public burdens, in that it does not bear equally upon all persons within the same sections, portions, or district, nor upon the same streets in the plaintiff town, and is a tax imposed without the consent of the people as expressed by an act of Legislature, and the defendant is entitled to judgment.

The judge refused so to rule, and ruled that the action could be maintained; and the defendant excepted.

The judge found for the plaintiff; and the defendant alleged exceptions.

*H. Parker*, for the defendant.

*J. W. Corcoran*, for the plaintiff.

BARKER, J. The question as to the validity of the appeal from the district court having been waived, the only question for decision is whether the by-law for a breach of which the action is brought is repugnant to law. It is upon a subject which towns are authorized to regulate by establishing by-laws, and upon comparison with the provisions of the Public Statutes is within the apparent scope of the authority of the town. See Pub. Sts. c. 53, §§ 8, 9. The defendant's first contention is that, because there are in fact no brick and but few concrete or other curbed or finished sidewalks in the town, while there are many gravel sidewalks, the by-law which requires the owners or tenants of those estates only which abut on brick, concrete, or other curbed or finished sidewalks, to remove therefrom the snow and ice, is void because it imposes a burden upon a particular class of persons arbitrarily designated, and is therefore partial, oppressive, and unreasonable. The answer to this contention is that given

in the decision in *Goddard, petitioner*, 16 Pick. 504, 511, " that the duty required is a duty upon the person in respect to the property which he holds, . . . that it operates upon each and all in their turns, as they become owners or occupiers of such estates, and it ceases to be required of them, when they cease to be thus holders and occupiers of the estate, in respect to which the duty is required." In that case the by-law did not apply in a large section of the city. We think the imposition of the duty upon the owners and occupants of estates abutting upon certain kinds of sidewalks only does not make the by-law void.

The defendant also contends that the by-law is void because it imposes as a fixed penalty the maximum penalty authorized by Pub. Sts. c. 53, § 9. He attempts to draw from the fact that under the provisions of Pub. Sts. c. 27, § 20, the town may recover of the delinquent in an action of contract the expense of performing the duty by its officials, not exceeding the penalty imposed by the by-law, the inference of law that a fixed penalty which may exceed the amount of the expense is invalid. In our opinion, this reasoning is unsound.

*Exceptions overruled.*