(No. 48963.-

O. L. KRUGHOFF *et al.,* Appellants, v. THE CITY OF
NAPERVILLE, Appellee.

*Opinion filed Oct. 5, 1977.—Rehearing denied Nov. 23, 1977.*

CLARK, J., took no part.

William S. Kaplan and Robert Marks, of Chicago (Marks, Marks & Kaplan, of counsel), for appellants.

Ancel, Glink, Diamond & Murphy, of Naperville (Marvin J. Glink and Ronald M. Glink, of Chicago, of counsel), for appellee.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

Plaintiffs, O. L. Krughoff and James Krughoff, copartners, d/b/a The K Co., Paul W. Hoffman, Harold E. Moser, Oliver-Hoffman Corporation, an Illinois corporation, The Macom Corporation, a Delaware corporation, and Home Builders Association of Greater Chicago, an Illinois not-for-profit corporation, appealed from the judgment of the circuit court of Du Page County entered in favor of defendant, the city of Naperville, in plaintiffs' action for a declaratory judgment that defendant's Ordinance 72—20 is invalid, an injunction and other relief. The appellate court affirmed (41 Ill. App. 3d 334), and we allowed plaintiffs' petition for leave to appeal.

Defendant's Ordinance 72—20, enacted on June 19, 1972, *inter alia,* required as a condition of approval of a plat for a subdivision or planned unit development inside, or within 1½ miles of its boundaries, that the developer make contributions of land, or money in lieu of land, to be used for school and park sites. Its provisions are sufficiently set forth in the appellate court opinion and need not be repeated here.

Plaintiffs Krughoff, owners of land within 1½ miles of defendant's boundaries, submitted a final plat of subdivision of the property into residential lots which defendant refused to approve because it failed to dedicate land, or cash in lieu of land, for the public purposes required by the ordinance. Plaintiffs Hoffman, Moser, Oliver-Hoffman and Macom acquired land within defendant's boundaries

to subdivide and sell as residential lots; under written protest, they have contributed $37,650, to be held in trust, for acquisition of a school site, and have agreed to contribute a lot for use by the Naperville Park District. Plaintiff Home Builders of Greater Chicago is an Illinois not-for-profit corporation, some of whose members own or control real estate affected by the ordinance. Plaintiffs allege in the complaint that the action is brought in their own behalf "and on behalf of all such other persons and corporations including members of the plaintiff association similarly situated to them and having like rights and interests"; that the action raises questions of fact and law common to the plaintiffs and other persons and that the class action will avoid a multiplicity of actions to determine the validity of the ordinance. Because Kane County and municipalities within the school district have enacted ordinances similar to the one here under review, West Aurora Unit School District No. 129, Kane County, was permitted to intervene in support of defendant's position and has adopted defendant's brief.

Although the parties offered a vast amount of testimony and documentary evidence, there is no serious dispute as to the facts. The population of the defendant city increased from 7,013 in 1950 to 12,933 in 1960, 22,417 in 1970, and 28,610 in 1973. In November 1971 there were approximately 40 proposed developments involving 6,893 acres, lying inside and within 1½ miles of defendant's boundaries, which, if developed in accordance with the developers' proposals, would increase the population of the area by an additional 127,750.

The defendant city, and the area within its planning jurisdiction, are principally served by School District No. 203. At the time of trial, School District No. 203 operated seven elementary schools, three junior high schools and two senior high schools. In 1971 there were 8,426 students in grades K through 12, and it was estimated that, as the

result of the new developments, there would be an increase of 21,601 students.

Including a municipal golf course, the Naperville Park District operates 26 parks. The standards set by the State of Illinois for local governments provide for 10 acres of public open space for each 1,000 persons and the defendant city and its planning area meet those standards. *Inter alia,* Ordinance 72—20 requires a dedication of 5.5 acres of the 10-acre standard for each 1,000 people projected for a new subdivision. The parties have stipulated that the ratio of acres per thousand of population and the criteria set forth in the ordinance for location of park and recreation land, the credit for private open spaces and recreation area, for school classifications and size of school sites by grades, maximum number of students for each such school classification, and minimum number of acres of land for each school site, are all reasonable. It was also stipulated that the fair market value per acre of land in the Naperville area established in the ordinance is reasonable, and that the table of population density set forth in the ordinance is a recognized and reasonable basis for estimating the population density and age distribution to be generated from the construction of the types of units specified in the table.

Ordinance 72—20 recites that it was enacted pursuant to defendant's home rule powers (Ill. Const. 1970, art. VII, sec. 6(a)), and the circuit court held that the enactment of the ordinance was a proper exercise of defendant's home rule powers. The appellate court held that the enactment of the ordinance was a proper exercise of defendant's home rule powers within its corporate limits, and that as to territory within 1½ miles of its corporate limits, it had statutory authority to enact the ordinance.

We consider first plaintiffs' contention that Ordinance 72—20 is invalid for the reason that defendant is without

power, either under its home rule powers or under an enabling statute, to enact it. In *City of Carbondale v. Van Natta,* 61 Ill. 2d 483, the court held that although the 1970 Constitution did not confer extraterritorial sovereign or governmental powers on home rule units of local government, a home rule municipality possessed the same statutory powers to zone extraterritorially as non-home-rule municipalities. If defendant was possessed of statutory authority to enact Ordinance 72—20 as to land within 1½ miles of its corporate limits, it obviously had statutory authority to enact it as to land within its corporate limits, and the question whether it had home rule power to enact the ordinance would be immaterial. We therefore examine first the city's statutory authority to enact the ordinance.

In *Petterson v. City of Naperville,* 9 Ill. 2d 233, the court held valid the statute granting municipalities authority to control and plan subdivisions within their corporate limits and 1½ miles of contiguous territory not included in another municipality. In that case a developer of land outside the city, but contiguous to it, refused to comply with the curb, gutter and storm water drainage requirements of the city's ordinance, contending that the ordinance violated the requirement of uniformity of taxation and resulted in a taking of property without just compensation. In rejecting these contentions the court said: "The validity of the ordinance is to be tested, neither by the principle of uniformity of taxation nor by the law of eminent domain, but rather by the settled rules of law applicable to cases involving the exercise of police powers." 9 Ill. 2d 233, 249-50.

In *Rosen v. Village of Downers Grove,* 19 Ill. 2d 448, *Pioneer Trust & Savings Bank v. Village of Mount Prospect,* 22 Ill. 2d 375, *Duggan v. County of Cook,* 60 Ill. 2d 107, and *Board of Education v. Surety Developers, Inc.,* 63 Ill. 2d 193, the court considered the question whether a unit of local government had the statutory

authority to require a real estate developer, as a condition to its authorizing the development, to contribute land or money for school facilities. In *Rosen* it was held that under the facts of that case there was no statutory authority for an ordinance requiring an assessment of $325 per lot. *Pioneer* held that under the facts of that case a requirement of dedication of one acre per 60 residential building sites, or one-tenth of an acre per one acre of business or industrial building sites, amounted to an attempted exercise of the power of eminent domain without compensation, and in *Duggan* the requirement of a cash contribution of $43,000 to two school districts was held void because not authorized by statute. In *Surety Developers* however, the court held that a developer could be required to contribute cash and land to a school district.

There are factual similarities and language in *Rosen, Pioneer* and *Duggan* which appear to support plaintiffs' argument that defendant does not have the authority to require the contribution of land, or money in lieu of land, for school sites. In *Surety Developers*, after analyzing the holdings in these cases the court said: "As earlier indicated, *Rosen* and *Pioneer* both held invalid the contributions required of the developers in those cases. At no time, however, has this court held that land dedication requirements for school grounds are unauthorized by the Municipal Code (Ill. Rev. Stat. 1973, ch. 24, pars. 11–12–5, 11–12–12) or predecessor statutes. Nor has it held that land dedication requirements for school grounds are automatically in violation of the Constitution. Quite the contrary is true, for the implications of both *Rosen* and *Pioneer* are that land dedication requirements proportioned to the needs specifically and uniquely attributable to the developer's activities would be valid." (63 Ill. 2d 193, 201.) Here the evidence shows and the circuit court found that the required contributions of land, or money in

lieu of land, were "uniquely attributable to" and fairly proportioned to the need for new school and park facilities created by the proposed developments.

Plaintiffs argue that *Surety Developers* involved a county and that there was no statute pertaining to counties comparable to section 11—12—8 of the Illinois Municipal Code (Ill. Rev. Stat. 1971, ch. 24, par. 11—12—8). Section 11—12—8 provides that a municipality, as a condition of plat approval, may require that lands be designated for school sites, park sites, or "other public lands" without regard to the proportioned need created by the particular development, that the school board, park board or other authority then has one year to acquire such site by purchase or to commence condemnation proceedings to acquire it, and that, if it fails to do so within the one-year period, the owner may thereafter use the land so designated in any manner consistent with the ordinance. We hold that the power conferred by section 11—12—8 is in addition to, and not a limitation of, defendant's power to require the dedication of land, or money in lieu of land, proportioned to the need for new school and park facilities uniquely attributable to the new subdivision.

Plaintiffs argue further that the ordinance is unreasonably discriminatory in a number of respects and denies them the equal protection of the law. They point out that a developer of land which lies within School District No. 203 but outside defendant's jurisdiction is not subject to the dedication requirements of the ordinance. All developers of residential land within defendant's planning jurisdiction are treated equally, and the fact that the requirements of its subdivision control ordinance differ from those of the county does not deny plaintiffs equal protection of the law. Although not relevant to the legal issue presented, we note parenthetically defendant's representation that there are only two proposed residential

developments which lie within the school district and outside defendant's planning jurisdiction and that the developers have agreed to make comparable contributions to the district.

Plaintiffs argue that the failure to apply the dedication requirement to commercial and industrial developments denies them equal protection of the law. In our opinion there is a rational distinction, with respect to the purpose of the ordinance, between residential developments and commercial and industrial developments.

It is argued that the ordinance discriminates against property owners in the low- and middle-income group because the land dedication requirement is based on population rather than property valuation. We hold that the dedication requirement based on population is constitutionally permissible.

For the reasons set forth we hold that defendant was possessed of statutory authority to enact the ordinance (Ill. Rev. Stat. 1971, ch. 24, pars. 11—12—4 through 11—12—12), and it is therefore unnecessary to decide whether it was empowered to do so under its home rule powers. The judgment of the appellate court is affirmed.

*Judgment affirmed.*

MR. JUSTICE CLARK took no part in the consideration or decision of this case.