STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. MICHAEL GIACCHETTO AND WILLIAM KEUTGEN, DEFENDANTS-APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued January 29, 1979—Decided March 13, 1979.

352

Before Judges CONFORD and PRESSLER.

*Mr. Milton Diamond* argued the cause for appellants.

*Mr. Andrew R. Jacobs* argued the cause for respondent (*Messrs. Lanigan, O'Connell & Hirsh,* attorneys; *Mr. William W. Lanigan,* of counsel).

PER CURIAM. Defendants Michael Giacchetto and William Keutgen were convicted in the Bridgewater Municipal Court, and on a trial *de novo* in the Somerset County Court, of violating an ordinance requiring owners and tenants to remove snow and ice from sidewalks within 12 hours of daylight "after the same shall cease to fall or be formed." They were each fined $5 and assessed $5 costs. The ordinance was adopted pursuant to specific authority conferred by *N. J. S. A.* 40:65–12. Defendants contend that both the ordinance and the enabling statute are unconstitutional.

While there is no case on point in this State where the constitutionality of sidewalk and snow removal statutes and ordinances has been considered, elsewhere they have generally been upheld as a valid exercise of the police power. See 10 *McQuillin, Municipal Corporations* (3 ed. 1966), § 30.18 at 654; 30 *Am. Jur.* 2d, *Highways, Streets and Bridges,* § 79 at 465; 64 *C. J. S. Municipal Corporations* § 1700 at 95; Annotation, "Constitutional Law-Duty as to Highways" 58 *A. L. R.* 215, 218–225 (1929).

We are convinced of the soundness of the cases upholding the generality of sidewalk and snow removal legislation. Such legislation does not, as defendants argue, unfairly impose upon certain citizens a duty which should fall on the municipality. Rather, it uniformly imposes a duty consequent upon the ownership, possession and enjoyment of abutting land. Legislation is not invalid merely because it imposes an incidental burden on some citizens necessary to public good. *Inganamort v. Ft. Lee,* 120 *N. J. Super.* 286, 297, 293 *A.* 2d 720 (Law Div. 1972), aff'd 62 *N. J.* 521, 303 *A.* 2d 298 (1973).

Defendants contend that the Bridgewater ordinance is vague in various respects, all unrelated to the present case. We are not convinced that the ordinance is facially vague

in the constitutional sense, although it might be invalid in its application in some situations. In any event, the ordinance is not vague as applied to these defendants under the evidence adduced. See *United States v. National Dairy Corp.*, 372 *U. S.* 29, 32–33, 83 *S. Ct.* 594, 9 *L. Ed.* 2d 561 (1963), reh. den. 372 *U. S.* 961, 83 *S. Ct.* 1011, 10 *L. Ed.* 2d 13 (1963); also *United States v. Mazurie*, 419 *U. S.* 544, 550, 95 *S. Ct.* 710, 42 *L. Ed.* 2d 706 (1975).

██ Defendants argue that the penalty provided by the ordinance, a fine of up to $500 and imprisonment of up to 90 days for each successive 24 hours of noncompliance, is excessive and cruel and unusual. The penalty is statutorily authorized for ordinance violations. *N. J. S. A.* 40:49–5; *N. J. S. A.* 40:69A–29(b). For present purposes, we need not decide if the penalty provided by the ordinance might be excessive in some cases, as defendants were assessed only nominal fines. *Montclair v. Stanoyevich*, 6 *N. J.* 479, 482–483 (1951).

Defendants' remaining arguments that the statute and ordinance are invalid are clearly without merit.

Defendants' convictions are affirmed.