(No. 51711

# THE CITY OF CARBONDALE, Appellant, v. JOHN BREWSTER, Appellee.

*Opinion filed December 20, 1979.*

WARD and CLARK, JJ., dissenting.

John Womick, of Carbondale, for appellant.

Edward J. Kionka, of Columbia, for appellee.

MR. JUSTICE MORAN delivered the opinion of the court:

An ordinance enacted by the city of Carbondale (plaintiff) requires, under threat of fine, that persons in control of property fronting or abutting on paved sidewalks remove snow and ice from such sidewalks or, if the snow and ice are too hard for removal, to cover them with abrasive materials within 24 hours after a snowfall or freezing precipitation. An Illinois statute allows municipalities to require the owner or occupant of any premises to keep the sidewalks abutting the premises free from snow and other obstructions. (Ill. Rev. Stat. 1977, ch. 24, par. 11—80—13.) In dismissing a complaint against defendant for violation of the Carbondale ordinance, the circuit court of Jackson County held the statute and ordinance invalid. Plaintiff has appealed directly to this court pursuant to Rule 302(a). 58 Ill. 2d R. 302(a).

Plaintiff contends initially that the circuit court erred because the basis for its holding had not been raised and, in fact, had been waived by defendant. The circuit court, in its written order, expressly based its decision on *Gridley v. City of Bloomington* (1878), 88 Ill. 554, wherein the court struck down a similar municipal ordinance, and held that the ordinance could not be upheld either under the principle according to which assessments are made or under the police power. (88 Ill. 554, 557.) We note that, in his motion to dismiss, defendant contended *inter alia* that the ordinance is an unreasonable exercise of the police power. It is evident, therefore, that this contention of the plaintiff is without merit.

Plaintiff next contends that the statute and ordinance are valid exercises of the police power. As stated, the *Gridley* court held the enactment of such an ordinance to be an invalid exercise of police power. This holding was adhered to shortly thereafter by a divided court in *City of Chicago v. O'Brien* (1884), 111 Ill. 532, which had before it precisely the same issue. Recently, the concept of police power in Illinois has been more thoroughly considered.

"The police power is an attribute of sovereignty inherent in every government. It has been reserved to all the States by the constitution of the United States. [Citations.] While it is not without limitation and may not be exercised arbitrarily, the legislatures of the States have broad discretion in the passage of statutes in its exercise. [Citation.] When the legislature has considered a problem and enacted legislation thereon, the act is presumptively a valid exercise of the power and the burden rests upon the one assailing the statute to show that it is without reasonable basis and entirely arbitrary. [Citations.]" (*Memorial Gardens Association, Inc. v. Smith* (1959), 16 Ill. 2d 116, 123.)

The police power may be exercised to protect the public

health, safety, morals, and general welfare or convenience. (*Sherman-Reynolds, Inc. v. Mahin* (1970), 47 Ill. 2d 323, 326; *Clarke v. Storchak* (1943), 384 Ill. 564, 577.) To be a valid exercise of police power, the legislation must bear a reasonable relationship to one of the foregoing interests which is sought to be protected, and the means adopted must constitute a reasonable method to accomplish such objective. (*Sherman-Reynolds, Inc. v. Mahin* (1970), 47 Ill. 2d 323, 327; *Schuringa v. City of Chicago* (1964), 30 Ill. 2d 504, 509.) Although the determination of reasonableness is a matter for the court, the legislature has broad discretion to determine not only what the interests of the public welfare require but what measures are necessary to secure such interest. (*Memorial Gardens Association, Inc. v. Smith* (1959), 16 Ill. 2d 116, 127; *Clarke v. Storchak* (1943), 384 Ill. 564, 577.) The court will not disturb a police regulation merely where there is room for a difference of opinion as to its wisdom, necessity and expediency. (*Schuringa v. City of Chicago* (1964), 30 Ill. 2d 504, 515.) The reasonableness requirement also applies to ordinances passed pursuant to legislative authority. *Petterson v. City of Naperville* (1956), 9 Ill. 2d 233, 244.

As it relates to real property, the police power is the vehicle by which the free and unencumbered use thereof may be adversely affected. Thus, a zoning ordinance will be upheld as a proper exercise of the police power if it bears any substantial relationship to the public health, safety, comfort or welfare. (*E.g., La Grange State Bank v. County of Cook* (1979), 75 Ill. 2d 301, 307.) Similarly, a residential land subdivider may properly be required, as a condition to approval of the plat, to provide curb and gutter and suitable storm-water-drainage facilities (*Petterson v. City of Naperville* (1956), 9 Ill. 2d 233), or to make contributions of land, or money in lieu of land, to be used for school and park sites (*Krughoff v. City of Naperville* (1977), 68 Ill. 2d 352). As the court in *Petterson* stated·

"The privilege of the individual to use his

property as he pleases is subject always to a legitimate exercise of the police power under which new burdens may be imposed upon property and new restrictions placed upon its use when the public welfare demands." *Petterson v. City of Naperville* (1956), 9 Ill. 2d 233, 247.

The *Gridley* decision was based largely upon the court's observation that a lot owner has no greater interest in the street or sidewalk abutting his property than any other member of the municipality. This court has since reiterated that the sidewalk is considered a part of the street which has been set aside for pedestrian use. (*Lansing v. County of McLean* (1978), 69 Ill. 2d 562, 572; *City of Elmhurst v. Buettgen* (1946), 394 Ill. 248, 252.) Continuing with this notion, the court, in *O'Brien,* denounced a snow-removal ordinance as laying a purely public burden upon a private individual, without providing for an exercise of the right of eminent domain or proper proceedings to enforce special assessments or special taxation. *City of Chicago v. O'Brien* (1884), 111 Ill. 532, 537.

We do not think that the ordinance here can properly be said to constitute a taxation scheme. Rather, what is involved is the imposition of regulatory provisions by way of the police power through an ordinance which requires persons in control of property abutting upon sidewalks to keep them clear of snow and ice. (See *Petterson v. City of Naperville* (1956), 9 Ill. 2d 233, 249.) Furthermore, when police power regulations are reasonable and adapted to the objects sought to be accomplished, they are not unconstitutional even though private property may be injured, interfered with, or damaged without the payment of compensation. (*Sherman-Reynolds, Inc. v. Mahin* (1970), 47 Ill. 2d 323, 328.) The court in *Sherman-Reynolds* upheld provisions of the Illinois Income Tax Act which require employers to withhold tax from compensation paid to their employees. The withholding provisions were

upheld even though an employer's compliance required it to advance, out of its own property, substantial sums for necessary equipment, supplies, personnel and professional advice and assistance.

From the foregoing discussion, it becomes evident that *Gridley* and *O'Brien* should not be blindly adhered to. More recent developments have witnessed a general increase in the scope of the police power, as well as considerable erosion of the direct underpinnings of those two cases. Moreover, our research discloses only two other reported decisions in accord with *Gridley* and *O'Brien.* (*State v. Jackman* (1898), 69 N.H. 318, 41 A. 347; *McGuire v. District of Columbia* (1904), 24 App. D.C. 22.) The great majority of jurisdictions have instead upheld ordinances similar to that involved here, many of them expressly declining to follow the two Illinois decisions. (*In re Appeal of Goddard* (1835), 33 Mass. (16 Pick.) 504; *Village of Carthage v. Frederick* (1890), 122 N.Y. 268, 25 N.E. 480; *Town of Clinton v. Welch* (1896), 166 Mass. 133, 43 N.E. 1116; *City of Lincoln v. Janesch* (1902), 63 Neb. 707, 89 N.W. 280 (repair of sidewalks); *State v. McMahon* (1903), 76 Conn. 97, 55 A. 591; *City of Helena v. Kent* (1905), 32 Mont. 279, 80 P. 258; *State ex rel. Egan v. McCrillis* (1907), 28 R.I. 165, 66 A. 301; *Kansas City v. Holmes* (1918), 274 Mo. 159, 202 S.W. 392; *State v. Small* (1927), 126 Me. 235, 137 A. 398; *Rich v. Rosenshine* (1947), 131 W. Va. 30, 45 S.E.2d 499; *State v. Giacchetto* (1979), 166 N.J. Super. 351, 399 A.2d 1031.) Based upon the development of the police power in Illinois and upon what we consider to be the better reasoning of cases from other jurisdictions that have upheld similar legislation, *Gridley* and *O'Brien* are hereby overruled.

It cannot be disputed that keeping sidewalks free from snow and ice is closely related to and in furtherance of the public's welfare. The fact that this court has not seen fit to impose a common law duty on municipalities to keep their streets and sidewalks clear of snow and ice (*Lansing v.*

*County of McLean* (1978), 69 Ill. 2d 562) does not mean that those same municipalities cannot undertake by ordinance to require that sidewalks be kept clear of snow and ice in the interest of the public safety and welfare. Neither can it be said that the means chosen to accomplish the object of the legislation—requiring individuals to keep clear the portion of the sidewalk abutting the property under their control—is so arbitrary or unreasonable as to constitute an invalid exercise of the police power. The burden is not so manifestly disproportional or unrelated to a legitimate classification as to amount to unjust discrimination. The expenditure of time and effort, and perhaps expense, which the ordinance exacts is incidental to the enjoyment of property, just as are many other burdens, such as those mentioned earlier, imposed by the legislative branch. Furthermore, the law does not demand absolute equality. By making the requirement proportional to the length of property frontage, the legislation, in our opinion, is in compliance with constitutional requirements.

Defendant's final objection to the legislation is that it unconstitutionally imposes absolute liability for its violation. Defendant cites no constitutional provision in support, and we find that his argument is without merit.

For the foregoing reasons, the judgment of the circuit court of Jackson County is reversed, and the cause is remanded for further proceedings.

*Judgment reversed;*
*cause remanded.*

MR. JUSTICE WARD, dissenting:

I dissent. Although the language of the majority's opinion is couched in terms of the police power, I find it more appropriate in considering this question of compulsion to identify the problem as one of due process, as it was in *City of Chicago v. O'Brien* (1884), 111 Ill. 532, 537. The majority's opinion, by speaking only in terms of police power, tends to mute the issue of due process, which is stated very strongly and explicitly in *O'Brien*.

With regard to a snow-removal ordinance of the city of Chicago, the court in *O'Brien* made this observation:

"The lot owner is held responsible solely and simply for the accident of owning property near the nuisance. He may have no more actual control of the street, or necessity to use it, than if his property were miles away; still, he is held responsible for a result he could not control, and to the production of which he did not even theoretically contribute. The *gist* of the whole argument is merely that it is convenient to hold him responsible. It is not perceived why it would not be equally convenient to hold him responsible for the entire police government of so much of the street." 111 Ill. 532, 537.

The majority refers to *Petterson v. City of Naperville* (1956), 9 Ill. 2d 233, and *Krughoff v. City of Naperville* (1977), 68 Ill. 2d 352, as supporting its position. In those cases a developer was required to construct facilities or to contribute land or money to alleviate conditions created by his proposed development. The abutting owner is not in that position. In some cases, though by no means all, the owner may use the sidewalk in front of his property more frequently than do members of the general public, but he has, of course, no right to its exclusive use, and unlike the subdivider he has not created the situation which he is called upon to correct.

In *Lansing v. County of McLean* (1978), 69 Ill. 2d 562, this court recently reaffirmed the doctrine of *Strappelli v. City of Chicago* (1939), 371 Ill. 72, that a municipality is not liable in tort for injuries arising out of the failure of the municipality to remove a natural accumulation of snow from the street or sidewalk. We noted in *McLean* that a landowner enjoys the same freedom from liability with respect to his own property. (69 Ill. 2d 562, 569-72.) The majority decision here results in an anomalous situation in that it approves the imposition of a duty upon the abutting owner with respect to the municipality's

property, that is, the sidewalk, to which the municipality itself is not subject. Further, and oddly, it imposes upon the owner a twofold liability: if, on the one hand, he fails to remove the snow, then in addition to suffering a fine, he may be exposed to a suit for civil damages, since violation of an ordinance may be regarded as creating a cause of action in tort. If, on the other hand, the owner does attempt to comply with the ordinance, he is exposed to the possibility of an action charging him with having negligently created a condition, such as ice on a cleared walk or a pile of snow, which injured the plaintiff. *Cf. Riccitelli v. Sternfeld* (1953), 1 Ill. 2d 133.

To be valid, a regulation made under the police power must be "reasonable and adapted to the scope and object sought to be accomplished." (*Sherman-Reynolds, Inc. v. Mahin* (1970), 47 Ill. 2d 323, 328.) If, as the majority now holds, an ordinance requiring an owner to remove snow from the sidewalk is not invalid *per se*, it will still be necessary, of course, that the provisions of such an ordinance be reasonable.

The majority's opinion does no more than to state simply and generally the conclusion that the ordinance here is not an unconstitutional exercise of the police power. I consider the provision requiring the owner or other person to clear a 30-inch path within 24 hours "after the cessation of any fall of snow, sleet or freezing rain" to be, in the weather area involved here, uncertain, vague, and not reasonably susceptible to determination by the persons affected. An ordinance or statute of this character must of course be clear and definite in the obligation that it imposes, and reasonably capable of being observed. The ordinance here cannot be said to satisfy that requirement, especially when the consequence of a violation may be the creation of a civil cause of action against the landowner.

MR. JUSTICE CLARK joins in this dissent.