PEGGY DOAK, Plaintiff, v. THE CITY OF MOLINE, Defendant and Third-Party Plaintiff-Appellant (Ryan L. Rowe, Third-Party Defendant-Appellee).

Third District    No. 3—00—0609

Opinion filed July 13, 2001.—Rehearing denied August 10, 2001.

Jeffrey D. Lester (argued), of Moline, and Richard J. Trinrud, of Brooks & Trinrud, P.C., of Rock Island, for appellant.

Gary R. Eiten (argued), of Herbolsheimer, Lannon, Henson, Duncan & Reagan, P.C., of La Salle, for appellee.

JUSTICE SLATER delivered the opinion of the court:

The defendant, the City of Moline (the City), appeals from an order of the circuit court granting third-party defendant Ryan Rowe's motion to dismiss. On appeal, the City argues that the trial court erred in: (1) granting Rowe's motion to dismiss; and (2) denying its requests to amend the pleadings. For the following reasons, we affirm.

The record reflects that on August 31, 1998, the plaintiff, Peggy Doak, was jogging in the vicinity of 14th Street and 23rd Avenue in Moline, Illinois, when she allegedly tripped and fell on an uneven and sunken portion of the sidewalk. As a result of the fall, Doak claims that she sustained serious injuries. The sidewalk where Doak was allegedly injured was adjacent to and abutting Rowe's property.

On July 22, 1999, Doak filed suit against the City of Moline alleging that it failed to properly maintain its sidewalks and allowed the sidewalk to be in a defective and dangerous condition. The City of Moline subsequently filed a third-party complaint against Rowe for failing to discharge his duties to maintain the sidewalk pursuant to city ordinance. That ordinance provides, in part:

> "It shall be the responsibility of the abutting property owner to maintain the sidewalk as to proper alignment, grade and surface."
> Moline Municipal Code § 28—3104 (eff. February 24, 1998).

On February 4, 2000, Rowe filed a motion to dismiss. 735 ILCS 5/2—615 (West 1998). After a hearing, the trial court found: (1) the City of Moline had a nondelegable duty to maintain its sidewalks; and (2) the City's ordinance attempted to place that duty on abutting landowners. Therefore, the court held that the ordinance was unenforceable and granted Rowe's motion to dismiss.

On appeal, the City first argues that the trial court erred in granting Rowe's motion to dismiss. Specifically, it contends that the ordinance is a valid exercise of its police power and therefore legally

imposes an affirmative duty on Rowe to maintain the sidewalk. To support this contention, it cites to *City of Carbondale v. Brewster*, 78 Ill. 2d 111, 398 N.E.2d 829 (1979).

●1 A trial court may dismiss a complaint where the pleadings show that the plaintiff can prove no set of facts that would entitle him to relief. See 735 ILCS 5/2—615 (West 1998). Appellate courts will review a motion to dismiss on a *de novo* basis. *Toombs v. City of Champaign*, 245 Ill. App. 3d 580, 615 N.E.2d 50 (1993).

●2 We find the City's argument to be without merit. In *Brewster*, our supreme court held that an ordinance requiring landowners to remove ice and snow from the sidewalk abutting their property was a valid exercise of police power. *Brewster*, 78 Ill. 2d at 118, 398 N.E.2d at 833. In so holding, the court noted:

> "The burden is not so manifestly disproportional or unrelated to a legitimate classification as to amount to unjust discrimination. The expenditure of time and effort, and perhaps expense, which the ordinance exacts is incidental to the enjoyment of property ***". *Brewster*, 78 Ill. 2d at 118, 398 N.E.2d at 833.

The ordinance in the instant case is much more burdensome than the ordinance in *Brewster*. The expenditure of time and effort in removing ice and snow from a sidewalk cannot be compared to the time and great expense required to maintain a sidewalk's alignment, grade and surface. Further, this type of maintenance is the obligation of a municipality and it cannot be delegated. See *Thiede v. Tambone*, 196 Ill. App. 3d 253, 553 N.E.2d 817 (1990). Therefore, the ordinance is unenforceable and the trial court properly granted Rowe's motion to dismiss.

●3 Next, the City argues that the trial court abused its discretion in denying its request to amend its pleadings after the court granted the motion to dismiss.

A trial court's denial of leave to amend a complaint will not be reversed absent a clear abuse of discretion. *Strickland v. Communications & Cable of Chicago, Inc.*, 304 Ill. App. 3d 679, 710 N.E.2d 55 (1999). In determining whether the trial court abused its discretion in denying a request to amend the complaint, one of the factors a court reviews is whether the proposed amendment would cure a defect in the pleading. *Loyola Academy v. S&S Roof Maintenance, Inc.*, 146 Ill. 2d 263, 586 N.E.2d 1211 (1992).

Here, the City's ordinance is unenforceable as a matter of law. The proposed amendment could not have changed the outcome of this case. Accordingly, the trial court did not abuse its discretion in denying the City's request to amend.

The judgment of the circuit court of Rock Island County is affirmed.

Affirmed.

HOMER, P.J., and HOLDRIDGE, J., concur.